GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY
v. C. M. MORRIS.

No. 1000. Decided May 13, 1901.

**1. Depositions—Notice—Name.**

The deposition of witness Walter was not legally taken under a notice of interrogatories to Walters, nor was the objection met by showing that the witness testifying was the one intended; but where it appeared that the opposite party was not misled or prejudiced, but knew the witness intended (as where the cross interrogatories showed that counsel knew the witness to be the same who had previously testified in the case), the motion to suppress was properly overruled. (P. 508.)

**2. Charge—Applying to Facts—Contributory Negligence.**

See charge on the subject of contributory negligence in getting on or off a train while in motion held to give such application of the law to the specific facts in issue as to justify refusing further instructions on the subject. (P. 509.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Wharton County.

Morris sued the railway company for damages from personal injuries, and recovered judgment. It was affirmed on writ of error by

the Court of Civil Appeals and the company obtained writ of error from the Supreme Court.

*G. G. Kelley* and *A. L. Jackson*, for plaintiff in error.—A person who purchases a ticket for passage on an excursion train, at a rate cheaper than the regular and customary fare charged for passage on the regular and ordinary trains of the carrier, and becomes a passenger on such excursion train, knowing at the time that such train is crowded or is likely to be or become more crowded with passengers than the regular or ordinary trains, and that it is contemplated by the carrier in offering such reduced rates that, as consideration thereof, such excursion train shall carry a larger number of passengers to each car than the ordinary and regular trains, thereby assumes the risk of such inconvenience and discomfort as may result peculiarly from the crowded condition of such excursion train; and if such person accepts passage and remains on the excursion train under the ticket so purchased he has no cause of action against the defendant by reason of the inconvenience or discomfort peculiarly incident to the crowded condition of such excursion train. Sickles v. Railway, 35 S. W. Rep., 493; Olivier v. Railway (Supreme Court La.), 47 Am. and Eng. Ry. Cas., 577; Stewart v. Railway, 146 Mass., 605; Worthington v. Railway, 52 Am. and Eng. Ry. Cas., 384; Railway v. Jones, 95 U. S., 439; Railway v. Copeland, 60 Texas, 325.

In taking a deposition, the name of the witness to whom interrogatories are propounded, and for whose depositions notice is given and commission issued or waived, must be identical with the name signed by the witness and certified by the officer. Herman Walters and Mrs. Herman Walters are not the same as Herman Walter and N. E. Walter. It is not competent to make proof of identity by testimony on the trial in order to establish the identity between the person named in the notice and interrogatories and the person signing and swearing to the answers returned. Faver v. Robinson, 46 Texas, 205; Shields v. Hunt, 45 Texas, 427; Brown v. Marqueze, 30 Texas, 78.

A passenger on a crowded excursion train, who has room for standing or reclining, but for the mere purpose of being more comfortable voluntarily stands upon the platform of a coach while the train is in rapid motion, and is thrown off and injured by the usual and necessary movement or stopping of the train, can not recover from the carrier on account merely of the failure to provide a seat within the coach for his comfort, such failure not being the proximate cause of the injury. Sickles v. Railway, 35 S. W. Rep., 493; Railway v. Brown, 39 S. W. Rep., 327; Railway v. Leslie, 57 Texas, 87.

A negligent act which is not a proximate cause of the alleged injury is not actionable, and the court should give an appropriate instruction requested by the defendant withdrawing evidence of such negligence from the jury, or directing them in the consideration of it. Railway v. McGlamory, 89 Texas, 638; McDonald v. Railway, 86 Texas, 1.

The Court of Civil Appeals erred in refusing to sustain the ninth assignment of error, urged by plaintiff in error, complaining of the trial judge's refusal to give special charge number 5 asked by defendant.   Railway v. McGlamory, 89 Texas, 638.

A passenger who willfully or negligently violates a rule of the company made for the safety of the passengers can not recover for the injury proximately resulting from such·violation.   Railway v. Hawk, 72 Ala., 112; McCauley v. Railway, 47 Am. and Eng. Ry. Cas., 581; Railway v. Cason, 72 Md., 377, 20 Atl. Rep., 113.

*Jacob C. Baldwin, O. T. Holt,* and *J. V. Meek,* for defendant in error. —The trial court did not err in refusing to quash said depositions, for the reason that the depositions were taken without a commission by the agreement of the parties, and the names Walters and Walter are idem sonans, and they were shown upon the trial of the cause to be the parties ·whose depositions were intended to be taken.   Railway v. Daniels, 1 Texas Civ. App., 700; Railway v. Kindred, 57 Texas, 499; Telegraph Co. v. Drake, 14 Texas Civ. App., 602; Atkinson v. Wilson, 31 Texas, 645.

The trial court did not err in refusing to give the special charge number 5 complained of in the plaintiff in error's ninth assignment of error in the Court of Civil Appeals, for the reason that the facts contained in said special charge and the issues presented by said special charge by the facts as grouped therein had been fairly presented to the jury by the trial court's main charge, and it was not error for the trial court to refuse a special charge on the same issue.   This would be true even though the special charge more fully applied the particular facts of the case to the issue involved.   Brown v. Perez, 89 Texas, 285, 286; Railway v. Douglas, 73 Texas, 333.

Again, it is a general proposition of law, in order for a special charge to be given to the jury which groups the defensive facts and applies them to the law of the case, that all the facts grouped must be supported from the evidence and the law as applied thereto fully and correctly stated in the special charge requested.   If such is not the case, the special charge should be refused.   Railway v. Shieder, 88 Texas, 166; Oil Co. v. Jarrard, 91 Texas, 293; Railway v. McGlamory, 89 Texas, 635; Railway v. Casseday, 92 Texas, 526; Railway v. Kelley, 13 Texas Civ. App., 11.

The special charge under consideration, as requested by the plaintiff in error, is not a correct presentation of the law applicable to the facts, in this:   It appears from the undisputed evidence that the plaintiff was, at the time he was injured, a boy of 15 years of age, and the degree of care required of him was such care as a boy of his age and discretion would be expected to exercise under the same circumstances.   The law does not require of him such care as an adult person of ordinary prudence would exercise under the same circumstances. The same degree of care is not required of boys as of adults, and the special charge requested wholly disregards this theory of the case.

Railway v. Phillips, 91 Texas, 281; Railway v. Rogers, 89 Texas, 679; Avery v. Railway, 81 Texas, 243; Cook v. Navigation Co., 76 Texas, 353; Railway v. Boozer, 70 Texas, 537; Evansich v. Railway, 57 Texas, 128; Railway v. Simpson, 60 Texas, 103; Thompson v. Railway, 11 Texas Civ. App., 307; Railway v. Tonahill, 16 Texas Civ. App., 629; Burger v. Railway, 20 S. W. Rep., 440; Kucera v. Lumber Co., 91 Wis., 637; Dowling v. Railway, 90 N. Y., 670; Swift v. Railway, 123 N. Y., 645; Railway v. Gastineau, 83 Ky., 119; Railway v. Lewis, 79 Pa. St., 23; Railway v. Donnell, 43 Md., 534; Shearm. & Red., on Neg., sec. 73a.

WILLIAMS, ASSOCIATE JUSTICE.—In passing upon the application for writ of error in this case, we were of the opinion that all of the questions of law raised in the Court of Civil Appeals had been correctly disposed of save two, viz., those raised upon the refusal of the District Court to suppress the depositions and to give requested charge number 5.

1.   The interrogatories and notice under which the depositions were taken gave the names of the witnesses as Herman Walters and Mrs. Herman Walters, while the depositions returned were those of Herman Walter and N. E. Walter.   The only explanation given by the trial judge of his refusal to sustain the motion to suppress was that it was shown that Mrs. Herman Walters and Mrs. N. E. Walters is one and the same person and that she was the wife of Herman Walters, residing at the place given in the notice and interrogatories as the residence of the witnesses interrogated.   Under the decision in the case of Faver v. Robinson, 46 Texas, 204, it would seem that there is a material difference between the name Walters and Walter, and, since the statute (article 2274, Revised Statutes) contains the requirement which must be substantially observed, that the notice of an intention to take depositions shall give the name of the witness, it would seem to follow that the depositions in question were not legally taken and were not admissible, unless it was shown that the purpose of the law had been substantially met.   This, we thought, was not done by showing only that the witnesses who testified were the persons whose depositions were intended to be taken.   One purpose of the statute is to enable the party against whom the deposition is to be used to identify the witness at the time when the notice is served, and the only information by which this is ordinarily done is the name and residence given.   If a wrong name is given, we think that, in order to obviate the effect of the mistake, it should appear that the party was not misled or prejudiced by it, but in fact knew what witness was intended.   The explanation of the trial judge on which we acted in granting the writ does not show such facts, but a further examination of the record discloses that both Herman Walter and N. E. Walter had testified at a previous trial of the case and the cross-interrogatories propounded by plaintiff in error show that its counsel knew that the persons whose depositions were to be taken were the ones who had so

testified. Under these circumstances, the motion to suppress their depositions was properly overruled. Jones v. Ford, 60 Texas, 131.

2. Special charge number 5 was as follows: "If you believe from the evidence that the plaintiff was injured as alleged, but that at the time of the injury he was in the act of attempting to get upon the train while it was in motion, or was in the act of getting from the train while it was in motion, and that at such time said train was moving so rapidly that the plaintiff endangered his person in so attempting to get off or on the train, and that an ordinarily prudent person under the same or similar circumstances would not have made such an attempt as was then made by plaintiff, and that such conduct of plaintiff directly contributed to his injury, then in such event plaintiff can not recover, and you will find your verdict in favor of the defendant." This sought only to have the act of plaintiff in getting on or off the train submitted as an act of negligence. The contention of fact to which it was directed was that plaintiff was not hurt by being thrown from the car by a sudden jerk thereof, as claimed by him, but was injured while engaged in jumping on and off the train in motion.

The charge of the court gave full definitions of negligence and contributory negligence, and instructed that "when an injured person is guilty of contributory negligence he can not recover for the injuries even though the party inflicting the injury was also guilty of negligence." This was immediately followed by this instruction: "Whether or not there was negligence on the part of the defendant in this case, or its agents or servants, in the operation and control of its train, and failure to furnish seats for its passengers, if such was the fact, and this fact was that which caused the injuries to the plaintiff, if such was a fact; or whether there was negligence on the part of the plaintiff which contributed to his own injuries by riding on the platform or by jumping on and off the train at night while it was in motion, if such was so; or whether plaintiff knew the platform was a more dangerous place than the inside of the car; and whether or not plaintiff was a youth of such immature judgment and discretion that he was unable to understand the nature and extent of the peril to which he was exposed, under the circumstances as shown by the evidence, are questions of fact for you to determine from the evidence in the case." Together, these instructions not only gave the law in the abstract but directly applied it to the evidence relied on by both plaintiff and defendant, and they were a sufficient compliance with the rule which requires that the facts relied on to establish a defense shall be affirmatively presented by the court upon proper request. The differences between the general charge and the requested instruction are merely in arrangement and verbiage. They state in substance the same proposition.

*Affirmed.*