**In re Robert E. DE LA GARZA.**

**No. 13–03–753–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 17, 2004.

Anne Vandewalle, San Antonio, for relator.

Tom Harmon, San Antonio, A. Peter Thaddeus, Jr., McAllen, for real party in interest.

Before Justices YAÑEZ, RODRIGUEZ and GARZA.

**OPINION**

Opinion by Justice GARZA.

On December 22, 2003, relator, Robert E. De La Garza, filed a petition for writ of mandamus asking this Court to direct respondent, Judge Noe Gonzalez of the 370th District Court of Hidalgo County, to rescind or vacate his order of November 18, 2003 compelling relator to attend a post-judgment deposition noticed by the real party in interest, National Investors, L.P. Relator argues that the post-judgment discovery order at issue is void because the underlying judgment is void. On January 9, 2004, the real party in interest filed a response to relator's petition, in which it argued, *inter alia,* that the discovery order was not void because relator's bankruptcy proceeding was not successfully completed. Having reviewed and considered the arguments and authorities presented by each side, we conditionally grant a writ of mandamus directing respondent to vacate his order of November 18, 2003.

## Background

This mandamus proceeding arises from a suit to collect on a note, which was filed by the real party in interest against relator on August 18, 1992. On March 1, 1994, relator filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division. On March 28, 1994, the real party in interest was awarded a final judgment against relator on its suit. Subsequently, on April 21, 1994, relator's bankruptcy petition was ordered dismissed.

Approximately nine years later, in the spring of 2003, the real party in interest noticed relator to appear at a deposition to obtain discovery in aid of judgment. The deposition was scheduled for April 1, 2003, but relator did not appear. On April 8, 2003, the real party in interest filed a motion to compel discovery, which was granted by respondent on November 18, 2003. This mandamus proceeding ensued.

## Analysis

 Mandamus is an extraordinary writ and will issue only to correct a clear abuse of discretion that cannot be remedied on appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992, orig. proceeding); *In re Steiger,* 55 S.W.3d 168, 170 (Tex.App.-Corpus Christi 2001, orig. proceeding). Mandamus is appropriate to obtain judicial review of a trial court's post-judgment discovery order. *See Collier Servs. Corp. v. Salinas,* 812 S.W.2d 372, 375 (Tex.App.-Corpus Christi 1991, orig. proceeding); *see also In re Amaya,* 34 S.W.3d 354, 356 (Tex.App.-Waco 2001, orig. proceeding).

 A trial court has inherent power and authority to enforce its judgments. *Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex. 1982, orig. proceeding); *see also* TEX GOV'T CODE ANN. § 21.001(a) (Vernon Supp.2004);

TEX.R. CIV. P. 308, 621a; *Ex parte Gorena,* 595 S.W.2d 841, 844 (Tex.1979, orig. proceeding); *S.W. Bell Mobile Sys. v. Franco,* No. 13–99–186–CV, 2000 Tex.App. LEXIS 8073, at *3 (Corpus Christi Nov. 30, 2000, no pet.) (not designated for publication). But if the judgment is void, the trial court has no ability to enforce it. *Cf. Enis v. Smith,* 883 S.W.2d 662, 663 (Tex.1994, orig. proceeding) ("A void judgment will not support a turnover order.").

Relator argues that the judgment in this case is void because it was taken in violation of the bankruptcy code's automatic stay. *See* 11 U.S.C. § 362 (2003). Relator cites *Howell v. Thompson,* 839 S.W.2d 92, 92 (Tex.1992) and *Cont'l Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988) as direct Texas Supreme Court authority on this issue. According to the real party in interest, however, actions taken in derogation of the automatic stay are not void but merely voidable. The real party in interest relies on *In re Jones,* 63 F.3d 411, 412 (5th Cir.1995), *Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 850 (5th Cir.1990), and *Sikes v. Global Marine, Inc.,* 881 F.2d 176, 178 (5th Cir.1989).

The issue, then, is whether this Court should follow the United States Court of Appeals for the Fifth Circuit or the Texas Supreme Court in determining the effect of the bankruptcy code's automatic stay on a state court judgment. In *Penrod Drilling Corp. v. Williams,* 868 S.W.2d 294, 296 (Tex.1993), the Texas Supreme Court explained: "While Texas courts may certainly draw upon the precedents of the Fifth Circuit, or any other federal or state court, in determining the appropriate federal rule of decision, they are obligated to follow only higher Texas courts and the United States Supreme Court." Thus, when faced with the very issue posed to us today, the Fort Worth Court of Appeals decided to

"follow ... *Howell* and hold that state court actions taken in violation of the automatic stay are void." *In re Sensitive Care, Inc.,* 28 S.W.3d 35, 39 (Tex.App.-Fort Worth 2000, orig. proceeding); *see also Paine v. Sealey,* 956 S.W.2d 803, 806 (Tex.App.-Houston [14th Dist.] 1997, no writ) ("[W]e are not bound by *Sikes.*").

 In light of the aforementioned precedent, as well as our own Court's prior opinions, we hold that all state court actions taken against a debtor in violation of an automatic stay pursuant to the bankruptcy code are void. *See In re S.W. Bell Tel. Co.,* 6 S.W.3d 753, 754 (Tex.App.-Corpus Christi 1999, orig. proceeding); *Graham v. Pazos De La Torre,* 821 S.W.2d 162, 164 (Tex.App.-Corpus Christi 1991, no writ); *see also In re S.W. Bell Tel. Co.,* 35 S.W.3d 602, 604 (Tex.2000, orig. proceeding); *Padrino Maritime, Inc. v. Rizo,* 130 S.W.3d 243, 247 (Corpus Christi 2004, no pet. h.) (memorandum opinion).

The real party in interest, however, points out that no opinions from Texas courts discuss the effect of the dismissal of a bankruptcy case on actions taken against a debtor during the stay. In this case, relator's bankruptcy petition was dismissed less than a month after the real party in interest secured a final judgment in state court. The real party asks that we retroactively validate the void judgment based on the bankruptcy court's dismissal of relator's bankruptcy petition. Although the real party correctly asserts that dismissal of a bankruptcy action prior to discharge has the effect of undoing the bankruptcy insofar as is practical, *see* 11 U.S.C. § 349 (2003), a void judgment is a nullity and cannot be resurrected. *See In re Guardianship of B.A.G.,* 794 S.W.2d 510, 511 (Tex.App.-Corpus Christi 1990, orig. proceeding) ("A void judgment is one entirely null within itself, and which is not susceptible of ratification or confirmation, and its nullity cannot be waived.").

Accordingly, we hold that the judgment rendered against relator is void and that the post-judgment discovery order is likewise void. On this basis, we conditionally grant a writ of mandamus compelling respondent to vacate his order of November 18, 2003. The writ will issue only upon respondent's refusal to act in accordance with the direction given by this opinion.