

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00116-CV

## IN RE AVI B. MARKOWITZ

_____

## Original Proceeding

---

## MEMORANDUM  OPINION

---

Avi B. Markowitz seeks a writ of mandamus directing Respondent, the Honorable Steve Smith, judge of the 361st Judicial District Court of Brazos County, to vacate an order granting a default judgment against him and an order compelling him to answer post-judgment discovery.  We deny the relief requested.

### MANDAMUS REQUIREMENTS

Generally, mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal.  *See In re Bexar County Criminal Dist. Attorney's Office,* 224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding); *see also In re Tex. Dep't of Family & Protective Servs.,* 210 S.W.3d 609, 612 (Tex. 2006) (orig. proceeding). Judicial review of post-judgment discovery orders may be sought via a petition for writ

of mandamus. *See In re Amaya*, 34 S.W.3d 354, 355-56 (Tex. App.—Waco 2001, orig. proceeding); *see also In re De La Garza*, 159 S.W.3d 119, 120 (Tex. App.—Corpus Christi 2004, orig. proceeding). Mandamus is also available for correcting a void default judgment. *See In re Disc. Rental, Inc.*, 216 S.W.3d 831, 832 (Tex. 2007) (per curiam).

## DEFAULT JUDGMENT

In issue one, Markowitz contends that the default judgment is void because personal jurisdiction was never invoked. In reliance on this contention, Markowitz argues in his second issue that any attempt to reach his property violates his due process and property rights.

Brazos Valley Bank, N.A., entered a commercial promissory note with "Avi B. Markowitz, MD, PA, DBA Central Texas Cancer Care." "Avi B. Markowitz, MD" signed a guaranty. Brazos sued for default. The petition named "Avi B. Markowitz, MD, PA, D/B/A Central Texas Cancer *Care*" as the defendant. Brazos later moved for default judgment against "Avi B. Markowitz, M.D. D/B/A Central Texas Cancer *Center*." Respondent granted the motion.

Markowitz argues that Respondent lacked authority to grant the default judgment because: (1) the professional association is the sole defendant named in Brazos's petition; thus, judgment was rendered against a party not named in the law suit; (2) he was not served as a party to the suit and neither waived service nor entered a general appearance; and (3) judgment was rendered against a non-existent entity.

The petition as a whole must be considered in determining who is being sued. *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied). When a

party fails to specially except, courts should construe the pleadings liberally in favor of the pleader. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000).

The petition alleges that "Defendant Avi B. Markowitz, MD, PA, D/B/A Central Texas Cancer Care, an Individual who is a resident of Texas, may be served with process at his home…" and "Defendant Avi B. Markowitz, MD, PA personally guaranteed the…note." *See* TEX. R. CIV. P. 28 ("Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right."); *see also Ibrahim v. Young*, 253 S.W.3d 790, 799-800 (Tex. App.—Eastland 2008, pet. denied) (Suit against "Dr. Camil Kreit, MD, PA" was a suit against the individual, not the professional association.). Construing the pleadings liberally and looking at the petition as a whole, we conclude that the petition evidences an intent to allege liability against Markowitz in his individual capacity.

Moreover, Markowitz, not a registered agent, was served with process. *See Ibrahim*, 253 S.W.3d at 800 ("Young did not request service on a registered agent."). The citation, however, named "Avi B. Markowitz, M.D., d/b/a Central Texas Cancer *Center*." This is the same name used in the order granting the default judgment and the name of an entity that Markowitz contends does not exist.

We first note that the record contains no verified denial that Markowitz is not doing business under the name Central Texas Cancer Care or Central Texas Cancer Center. *See* TEX. R. CIV. P. 93(14). Moreover, Rule 28 allows a plaintiff to "bring suit

against an individual doing business under the name of an association, partnership, or corporation, even if the association, partnership, or corporation *does not exist*." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828-29 (Tex. 1999) (emphasis added). "[A] misnomer of a defendant does not render a judgment based on personal service, even one by default, void, provided the intention to sue the defendants actually served with citation is so evident from the pleadings and process that the defendant could not have been misled." *Layton v. Nationsbanc Mortg. Corp.*, 141 S.W.3d 760, 764 (Tex. App.—Corpus Christi 2004, no pet.).

The record contains the process server's affidavit, stating that he personally served Markowitz at the address listed in the petition. The petition placed Markowitz on notice that he was the intended defendant, the body of the citation contains the style of the case used in the petition, service was had at the same address as that listed in the petition, and there is no contention that Markowitz did not receive service. *See Glover Constr., Inc. v. Chemmark Corp.*, No. 02-04-00310-CV, 2005 Tex. App. LEXIS 5619, at *10, n.3 (Tex. App.—Fort Worth July 14, 2005, pet. denied) (mem. op.) (Citation named *Glober* Construction Inc. instead of *Glover* Construction, Inc.); *see also also R.C. Martinez Bakery & Tortilla Factory, Inc. v. Hidalgo County*, No. 13-03-00709-CV, 2005 Tex. App. LEXIS 3693, at *2-5 (Tex. App.—Corpus Christi May 12, 2005, no pet.) (mem.op.) (Default judgment was rendered against "R.C. Martinez, Inc., doing business as R.C. Martinez Bakery & Tortilla Factory" instead of "R.C. Martinez Bakery & Tortilla Factory, Inc."). The record indicates that Markowitz was served as a party to the suit.

Accordingly, we conclude that Markowitz was both named as the intended defendant in the petition and was served with process. *See* TEX. R. CIV. P. 124. Because the default judgment is not void, we overrule issue one and need not address issue two. *See* TEX. R. APP. P. 47.1.

**SUBPOENA**

In issue three, Markowitz complains that the subpoena does not include the correct style of the suit.[1] *See* TEX. R. CIV. P. 176.1(a). The style of the petition is: "Brazos Valley Bank v. Avi B. Markowitz, MD, PA, d/b/a Central Texas Cancer Care." The subpoena describes the style as: "Brazos Valley Bank, N.A. v. Dr. Avi B. Markowitz D/B/A Central Texas Cancer Care."

We first note that, because Markowitz is a party to the suit, Brazos was not required to serve him with a subpoena in order to compel his attendance at the deposition. *See* Tex. R. Civ. P. 199.2(b)(5); *see also* 3 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 13:13(b) (2d ed. 2000) (Service of a notice of deposition is sufficient to compel a party's attendance). Rule 176 applies to discovery sought from non-parties. *See* TEX. R. CIV. P. 199.2(b)(5); *see also* TEX. R. CIV. P. 199.3. Moreover, we cannot say that such a minor variance in the subpoena is sufficient to render the subpoena fatally defective. There is no indication in the record that Markowitz was misled or prejudiced by the variance or knew that he was not the

---

[1]    Brazos contends that Markowitz failed to timely raise this objection within the time for responding to the subpoena. The subpoena commanded Markowitz to appear on July 10, 2009. He filed his motion to quash the subpoena on July 6, alleging violations of Rules 176.1(a), 176.1(d), 176.3(a), and 199.2(b)(2). Markowitz's complaint is preserved. *See* TEX. R. APP. P. 33.1(a).

intended witness.  *See Galveston, H. & S. A. R. Co. v. Morris*, 94 Tex. 505, 61 S.W. 709, 710 (1901) (Names listed on interrogatories and deposition notice differed from the names on the depositions taken, but motion to suppress was properly denied because: "If a wrong name is given, we think that, in order to obviate the effect of the mistake, it should appear that the party was not misled or prejudiced by it, but in fact knew what witness was intended."); *see also* 3 MCDONALD & CARLSON, § 13:11(b).  We overrule issue three.

In issue four, Markowitz complains that the subpoena is directed to an entity that does not exist and is not named in the default judgment, *i.e.,* "Central Texas Cancer *Center*."  *See* TEX. R. CIV. P. 176.1(d).  As previously discussed, Avi B. Markowitz is the intended defendant.  The subpoena identifies the person to whom it is directed.  *See id*. We overrule issue four.

In issue five, Markowitz complains that the subpoena does not state the nature of the action; specifically, the subpoena orders Markowitz to appear for a deposition, but does not order him to produce documents.  *See* TEX. R. CIV. P. 176.1(e); *see also* TEX. R. CIV. P. 176.2.  Brazos responds that Markowitz was also served with a notice of deposition with a request for production of documents and interrogatories.  *See* TEX. R. CIV. P. 199.2(b)(5).

The record contains a notice of intent to take Markowitz's deposition "in aid of judgment with duces tecum."  The certificate of service states that the notice was "served by personal delivery."  In accordance with Rule 199.2(b)(5), this is the proper manner for compelling the attendance of a party to the suit.  *See* TEX. R. CIV. P.

199.2(b)(5); *see also* 3 MCDONALD & CARLSON, § 13:13(b). However, in his affidavit, Markowitz claimed that he was not served with the notice of intent or a "duces tecum." After the hearing on Brazos's motion to compel, but before Respondent signed an order granting the motion, Brazos provided the process server's affidavit, stating that he served Markowitz with the notice of deposition with duces tecum. Because the record contains evidence that Markowitz was served with both the subpoena and the notice of intent with duces tecum, we overrule issue five.

In issue six, Markowitz contends that he resides in and conducts business in Galveston County, Texas; thus, he cannot be required to attend a deposition in Brazos County. *See* TEX. R. CIV. P. 176.3(a); *see also* TEX. R. CIV. P. 199.2(b)(2)(A)-(C), (5); TEX. R. CIV. P. 205.2. Because Markowitz is a party to the suit, his deposition may properly be taken in Brazos County, which is the county of suit. *See* TEX. R. CIV. P. 199.2(b)(2)(C). We overrule issue six.

In issue seven, Markowitz complains that he did not receive a witness fee with the subpoena.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 22.001(a) (Vernon 2008); *see also* TEX. R. CIV. P. 176.5(a); TEX. R. CIV. P. 176.8(b). As a party to the suit, Markowitz is not entitled to a witness fee. *See Villanueva v. Rodriguez*, 300 S.W.2d 668, 669 (Tex. Civ. App.—San Antonio 1957, writ ref'd n.r.e.); *see also In re Carter*, 958 S.W.2d 919, 922-23 (Tex. App.—Amarillo 1997, orig. proceeding) (Assuming Carter was entitled to the

---

[2]    Brazos contends that Markowitz failed to raise this issue below. The argument was not presented in the motion to quash, but was presented at the hearing on the motion to quash, without objection. *See In re Cynthia Kethley*, No. 12-08-00133-CV, 2009 Tex. App. LEXIS 4956, at * 8-9 (Tex. App.—Tyler June 30, 2009, orig. proceeding) (mem. op.).

witness fee, he failed to show the absence of an adequate legal remedy). We overrule issue seven.

In summary, we conclude that Respondent did not abuse his discretion by granting the default judgment or entering the post-judgment discovery order against Markowitz. Because Markowitz has not established his right to mandamus relief, we deny his petition for writ of mandamus.

FELIPE REYNA
Justice

Before Chief Justice Gray
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray dissenting)
Writ denied
Opinion delivered and filed July 7, 2010
[OT06]