IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00116-CV

 

In
re Avi B. Markowitz

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 








Avi B. Markowitz seeks a writ of
mandamus directing Respondent, the Honorable Steve Smith, judge of the 361st
Judicial District Court of Brazos County, to vacate an order granting a default
judgment against him and an order compelling him to answer post-judgment discovery. 
We deny the relief requested.

MANDAMUS REQUIREMENTS

Generally, mandamus
relief is available only to correct a clear abuse of discretion when there is
no adequate remedy by appeal.  See In
re Bexar County Criminal Dist. Attorney’s Office,
224 S.W.3d 182, 185 (Tex. 2007)
(orig. proceeding); see also In
re Tex. Dep't of Family & Protective Servs.,
210 S.W.3d 609, 612 (Tex. 2006)
(orig. proceeding).  Judicial review of post-judgment discovery orders may be
sought via a petition for writ of mandamus.  See In re Amaya, 34 S.W.3d 354, 355-56 (Tex. App.—Waco
2001, orig. proceeding); see also In re De La Garza, 159 S.W.3d 119,
120 (Tex. App.—Corpus Christi 2004, orig. proceeding).  Mandamus is also
available for correcting a void default judgment.  See In re Disc. Rental,
Inc., 216 S.W.3d 831, 832 (Tex. 2007) (per curiam).

DEFAULT JUDGMENT

            In issue one, Markowitz
contends that the default judgment is void because personal jurisdiction was
never invoked.  In reliance on this contention, Markowitz argues in his second
issue that any attempt to reach his property violates his due process and
property rights.

            Brazos Valley Bank, N.A.,
entered a commercial promissory note with “Avi B. Markowitz, MD, PA, DBA
Central Texas Cancer Care.”  “Avi B. Markowitz, MD” signed a guaranty.  Brazos
sued for default.  The petition named “Avi B. Markowitz, MD, PA, D/B/A Central
Texas Cancer Care” as the defendant.  Brazos later moved for default
judgment against “Avi B. Markowitz, M.D. D/B/A Central Texas Cancer Center.” 
Respondent granted the motion.

Markowitz argues that Respondent lacked
authority to grant the default judgment because: (1) the professional
association is the sole defendant named in Brazos’s petition; thus, judgment
was rendered against a party not named in the law suit; (2) he was not served
as a party to the suit and neither waived service nor entered a general
appearance; and (3) judgment was rendered against a non-existent entity.

The petition as a whole must be
considered in determining who
is being sued.  Boyattia
v. Hinojosa, 18 S.W.3d
729, 733 (Tex. App.—Dallas 2000, pet. denied).  When a party fails to specially except,
courts should construe the pleadings
liberally in favor of the pleader.  Horizon/CMS Healthcare Corp. v. Auld,
34 S.W.3d 887, 897 (Tex. 2000).

The petition alleges that “Defendant Avi
B. Markowitz, MD, PA, D/B/A Central Texas Cancer Care, an Individual who is a
resident of Texas, may be served with process at his home…” and “Defendant Avi
B. Markowitz, MD, PA personally guaranteed the…note.”  See
Tex. R. Civ. P.
28 (“Any partnership,
unincorporated association, private corporation, or individual doing business
under an assumed name may sue or be sued in its partnership, assumed or common
name for the purpose of enforcing for or against it a substantive right.”); see also Ibrahim v. Young,
253 S.W.3d 790, 799-800 (Tex. App.—Eastland 2008, pet. denied) (Suit against “Dr. Camil Kreit, MD, PA”
was a suit against the individual, not the professional association.).  Construing the pleadings liberally
and looking at the petition as a whole, we conclude that the petition evidences
an intent to allege liability against Markowitz in his individual capacity.

Moreover, Markowitz,
not a registered agent, was served with process.  See Ibrahim, 253
S.W.3d at 800 (“Young did
not request service on a registered agent.”).  The citation, however, named
“Avi B. Markowitz, M.D., d/b/a Central Texas Cancer Center.”  This is
the same name used in the order granting the default judgment and the name of
an entity that Markowitz contends does not exist.

We first note
that the record contains no verified denial that Markowitz is not doing
business under the name Central Texas Cancer Care or Central Texas Cancer
Center.  See Tex. R. Civ. P.
93(14).  Moreover, Rule 28
allows a plaintiff to “bring suit against an individual doing business under
the name of an association, partnership, or corporation, even if the
association, partnership, or corporation does not exist.”  Chilkewitz v. Hyson, 22 S.W.3d 825, 828-29 (Tex. 1999)
(emphasis added).  “[A] misnomer of a
defendant does not render a judgment
based on personal service,
even one by default, void,
provided the intention to sue the defendants actually served with citation is so evident
from the pleadings and process that the defendant could not have been misled.”  Layton v. Nationsbanc Mortg. Corp., 141 S.W.3d 760, 764 (Tex. App.—Corpus
Christi 2004, no pet.).

The record
contains the process server’s affidavit, stating that he personally served
Markowitz at the address listed in the petition.  The petition placed Markowitz
on notice that he was the intended defendant, the body of the citation contains
the style of the case used in the petition, service was had at the same address
as that listed in the petition, and there is no contention that Markowitz did
not receive service.  See Glover
Constr., Inc. v. Chemmark Corp.,
No. 02-04-00310-CV, 2005 Tex. App. LEXIS 5619, at *10,
n.3 (Tex. App.—Fort Worth July 14, 2005, pet. denied) (mem. op.) (Citation named Glober Construction
Inc. instead of Glover Construction, Inc.); see also also R.C. Martinez Bakery & Tortilla
Factory, Inc. v. Hidalgo County,
No. 13-03-00709-CV, 2005 Tex. App. LEXIS 3693, at *2-5 (Tex.
App.—Corpus Christi May 12, 2005, no pet.) (mem.op.) (Default judgment was rendered against
“R.C. Martinez, Inc., doing business as R.C. Martinez Bakery & Tortilla
Factory” instead of “R.C. Martinez Bakery & Tortilla
Factory, Inc.”).  The record indicates that Markowitz
was served as a party to the suit.    

Accordingly,
we conclude that Markowitz was both named as the intended defendant in the
petition and was served with process.  See Tex. R. Civ. P. 124.  Because the default judgment is not void, we overrule issue one and need not
address issue two.  See
Tex. R. App. P. 47.1.

SUBPOENA

            In issue three, Markowitz complains that
the subpoena does not include the correct style of the suit.[1] 
See Tex. R. Civ. P.
176.1(a).  The style of the petition is: “Brazos Valley Bank v. Avi B.
Markowitz, MD, PA, d/b/a Central Texas Cancer Care.”  The subpoena describes
the style as: “Brazos Valley Bank, N.A. v. Dr. Avi B. Markowitz D/B/A Central
Texas Cancer Care.”

We first note that, because Markowitz is
a party to the suit, Brazos was not required to serve him with a subpoena in
order to compel his attendance at the deposition.  See Tex. R. Civ. P. 199.2(b)(5); see also
3 Roy W. McDonald & Elaine A. Grafton
Carlson, Texas Civil Practice § 13:13(b) (2d ed. 2000) (Service of a
notice of deposition is sufficient to compel a party’s attendance).  Rule 176 applies to discovery sought
from non-parties.  See Tex. R. Civ. P. 199.2(b)(5);
see also Tex. R. Civ. P.
199.3.  Moreover, we cannot say that such a minor variance in the
subpoena is sufficient to render the subpoena fatally defective.  There is no
indication in the record that Markowitz was misled or prejudiced by the
variance or knew that he was not the intended witness.  See Galveston, H.
& S. A. R. Co. v. Morris, 94 Tex. 505, 61 S.W. 709, 710 (1901) (Names
listed on interrogatories and deposition notice differed from the names on the
depositions taken, but motion to suppress was properly denied because: “If a wrong name is given, we think that,
in order to obviate the effect of the mistake, it should appear that the party
was not misled or prejudiced by it, but in fact knew what witness was
intended.”); see also 3
McDonald & Carlson, §
13:11(b).  We overrule
issue three.

In issue four, Markowitz complains that
the subpoena is directed to an entity that does not exist and is not named in
the default judgment, i.e., “Central Texas Cancer Center.”  See
Tex. R. Civ. P. 176.1(d).  As
previously discussed, Avi B. Markowitz is the intended defendant.  The subpoena
identifies the person to whom it is directed.  See id.  We overrule
issue four.

In issue five, Markowitz complains that
the subpoena does not state the nature of the action; specifically, the
subpoena orders Markowitz to appear for a deposition, but does not order him to
produce documents.  See Tex. R.
Civ. P. 176.1(e); see also Tex.
R. Civ. P. 176.2.  Brazos responds that Markowitz was also served with a
notice of deposition with a request for production of documents and
interrogatories.  See Tex. R. Civ. P.
199.2(b)(5).

The record contains a notice of intent
to take Markowitz’s deposition “in aid of judgment with duces tecum.”  The
certificate of service states that the notice was “served by personal
delivery.”  In accordance
with Rule 199.2(b)(5), this is the proper manner for compelling the attendance
of a party to the suit.  See Tex. R. Civ. P.
199.2(b)(5); see also 3 McDonald &
Carlson, § 13:13(b).  However, in
his affidavit, Markowitz claimed that he was not served with the notice of
intent or a “duces tecum.” After the hearing on Brazos’s motion to compel, but
before Respondent signed an order granting the motion, Brazos provided the
process server’s affidavit, stating that he served Markowitz with the notice of
deposition with duces tecum.  Because the record contains evidence that
Markowitz was served with both the subpoena and the notice of intent with duces
tecum, we overrule issue five.

In issue six, Markowitz contends that he
resides in and conducts business in Galveston County, Texas; thus, he cannot be
required to attend a deposition in Brazos County.  See Tex. R. Civ. P. 176.3(a); see also
Tex. R. Civ. P. 199.2(b)(2)(A)-(C),
(5); Tex. R. Civ. P. 205.2.  Because
Markowitz is a party to the suit, his deposition may properly be taken in Brazos
County, which is the county of suit.  See Tex. R. Civ. P. 199.2(b)(2)(C).   We overrule issue six.

In issue seven, Markowitz complains that
he did not receive a witness fee with the subpoena.[2] 
See Tex. Civ. Prac. & Rem. Code Ann. § 22.001(a) (Vernon 2008); see also Tex.
R. Civ. P. 176.5(a); Tex. R. Civ.
P. 176.8(b).  As a party to the suit, Markowitz is not entitled to a
witness fee.  See Villanueva
v. Rodriguez, 300
S.W.2d 668, 669 (Tex. Civ. App.—San Antonio 1957, writ ref’d n.r.e.); see
also In re Carter, 958 S.W.2d 919, 922-23 (Tex. App.—Amarillo
1997, orig. proceeding) (Assuming Carter was entitled to the witness fee, he
failed to show the absence of an adequate legal remedy).  We
overrule issue seven.

In summary, we conclude that Respondent
did not abuse his discretion by granting the default judgment or entering the
post-judgment discovery order against Markowitz.  Because Markowitz has not established his
right to mandamus relief, we deny his petition for writ of mandamus.

 

 

FELIPE REYNA

Justice

Before
Chief Justice Gray

Justice Reyna, and

Justice Davis 

(Chief Justice Gray dissenting)

Writ
denied 

Opinion
delivered and filed July 7, 2010 

[OT06]

 

 









[1]               Brazos contends that Markowitz failed to timely
raise this objection within the time for responding to the subpoena.  The
subpoena commanded Markowitz to appear on July 10, 2009.  He filed his motion
to quash the subpoena on July 6, alleging violations of Rules 176.1(a), 176.1(d),
176.3(a), and 199.2(b)(2).  Markowitz’s complaint is preserved.  See Tex. R. App. P. 33.1(a).

 





[2]
              Brazos contends that
Markowitz failed to raise this issue below.  The argument was not presented in
the motion to quash, but was presented at the hearing on the motion to quash, without
objection.  See In
re Cynthia Kethley, No. 12-08-00133-CV, 2009 Tex. App. LEXIS 4956, at * 8-9
(Tex. App.—Tyler June 30, 2009, orig. proceeding) (mem. op.).