**In re DISCOUNT RENTAL, INC., Relator.**

No. 05–0249.

Supreme Court of Texas.

March 2, 2007.

Rehearing Denied April 13, 2007.

---

J. Robert Miller, Kai Peter Hecker, Miller & Brown, L.L.P., Dallas, for Relator.

Greg White, Naman, Howell, Smith & Lee LLP, Robin E. Baird, Montez, Williams, & Baird, P.C., Waco, for Real Party In Interest.

Michael W. Dixon, Shad Michael Robinson, Haley & Davis PC, Alfred Mackenzie, Haley & Olson, P.C., Guy Cox, Law Offices of Guy Cox, Waco, Fred M. Johnson Jr., Pakis Giotes Page & Burleson, Waco, for Other.

Robert L. Meyers, McCreary Veselka Bragg & Allen, Waco, for Intervenor.

PER CURIAM.

In a restricted appeal, the court of appeals reversed a default judgment against relator Discount Rental, Inc. because service was improper.[1] Discount Rental did not supersede the judgment, so while the appeal was pending, the plaintiffs, William and Barbara Carter, obtained a writ of execution on Discount Rental's property. The constable seized Discount Rental's property, and at a hearing on the Carters' motion to sell the property, the parties reached agreement on how the property should be sold. The trial court signed an order reflecting the parties' agreement, but the court of appeals reversed the default judgment before the sale occurred. Discount Rental moved for the return of its property under section 34.021 of the Texas Civil Practice and Remedies Code, which states:

A person is entitled to recover his property that has been seized through execution of a writ issued by a court if the judgment on which execution is issued is reversed or set aside and the property has not been sold at execution.[2]

The trial court denied the motion on November 30, 2004 and on December 6, 2004 directed that the sale take place, on a modified schedule, under the terms of the prior order for sale.

 The Carters argue that by agreeing to the sale of the property Discount Rental waived its rights under section 34.021. Even assuming that Discount Rental could waive these statutory rights, Discount Rental's agreement was premised on the trial court's authority to force a sale of its property. Because the default judgment was taken without proper service, it was void,[3] and "any attempt, by process based upon [the void judgment] to reach [Discount Rental's] property .... is ... devoid of lawful authority."[4] Mandamus will lie to correct the error.[5]

Accordingly, without hearing oral argument[6] we conditionally grant relator's petition for mandamus and direct the trial court to vacate its December 6, 2004 order for sale, the March 25, 2004 order for sale, the November 30, 2004 order denying Discount Rental's request for relief under section 34.021, and the July 24, 2003 writ of

1. *Discount Rental, Inc. v. Carter*, No. 10–03–00276–CV, 2004 Tex.App. LEXIS 4203, 2004 WL 1007847 (Tex.App.-Waco, May 5, 2004, pet.denied) (mem.op.).

2. Tex. Civ. Prac. & Rem.Code § 34.021.

3. *Harris v. Hardeman*, 55 U.S. (14 How.) 334, 339, 14 L.Ed. 444 (1852) ("[I]t has been settled, that a judgment depending upon proceedings in personam can have no force as to one on whom there has been no service of process, actual or constructive; who has had no day in court, and no notice of any proceeding against him. That with respect to such a person, such a judgment is absolutely void...."); *Smith v. Commercial Equip. Leasing Co.*, 678 S.W.2d 917, 918 (Tex.1984) (holding "the default judgment ... void" for want of proper service).

4. *August Kern Barber Supply Co. v. Freeze*, 96 Tex. 513, 516, 74 S.W. 303, 304 (1903) ("[T]he enforcement of a judgment may be

enjoined when, by the face of the record upon which it was rendered, it is shown to be void, without a showing on the part of the plaintiff seeking the injunction that he has a good defense against the cause of action upon which such judgment was based. The judgment being a mere nullity and open to collateral attack, any attempt, by process based upon it, to reach the property of the person against whom it is rendered, is an unlawful invasion of his rights of property, against which, in the absence of other adequate remedy, he is entitled to injunction. An attempt to enforce by process such a nullity is as devoid of lawful authority as would be a seizure without process.").

5. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 919–20 (Tex.1991).

6. Tex.R.App. P. 59.1.

execution. We also direct the trial court to return the property to Discount Rental. We are confident the trial court will comply promptly. Our writ will issue only if it does not.