*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


★ ★ ★          ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00740-CV

**OLIVE TREE APARTMENTS** and Edgar Markwardt,
Appellants

v.

Maria **TREVINO**,
Appellee

From County Court at Law No. 5, Bexar County, Texas
Trial Court No. 317210
Honorable Irene Rios, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: May 5, 2010

REVERSED AND REMANDED

This is a restricted appeal from a default judgment rendered against appellants. Because error appears on the face of the record, we reverse the trial court's judgment and remand for further proceedings.

## DISCUSSION

In appellee's Original Petition, she alleged that while she was in the employ of Olive Tree Apartments, the apartment owner and her supervisor, Edward Markwardt, "constantly made

unwelcome sexual advances, comments, inappropriate touching and harassment." She alleged claims for sexual harassment and retaliation in violation of the Texas Labor Code, and for assault, and she alleged actual damages in the form of mental anguish, personal injuries, and emotional distress, both past and future. During the hearing on her motion for default judgment, appellee's counsel informed the trial court that appellee also sought exemplary damages, and, because such had not been pled for in the Original Petition, counsel asked for and received the court's permission to read into the record a "trial amendment," in which appellee asked for an award of "a reasonable sum of exemplary damages or punitive damages in addition to actual damages." The trial court awarded actual damages in the amount of $99,500 and exemplary damages in the amount of $25,000.

On appeal, appellants do not dispute they were served with appellee's Original Petition; nor do they dispute that they neither answered nor appeared. However, appellants assert error appears on the face of the record because the trial court improperly rendered a default judgment on an amended pleading that had not been served. *See Grayson v. Grayson*, 103 S.W.3d 559, 561 (Tex. App.—San Antonio 2003, no pet.) (only restriction on scope of restricted appeal review is that error must appear on face of the record).

Appellee argues that a petition is required only to give fair notice of a claim, and a claim for unliquidated damages need only state that the damages sought exceed the minimal jurisdictional limits of the court. According to appellee, because the Labor Code provides for an award of punitive damages under the circumstances alleged in her Original Petition and because exemplary damages "flow naturally" from assault, an opposing attorney of reasonable competence should have been able to ascertain from the Original Petition that exemplary damages were a basic issue in dispute.

Therefore, appellee argues service of an amended petition was not necessary. We disagree with appellee's argument.

"[A] nonanswering defendant must be served with a more onerous amended petition in order for a default judgment to stand, [and] Rule 21a service satisfies that requirement." *In re E.A.*, 287 S.W.3d 1, 4 (Tex. 2009); *see also* TEX. R. CIV. P. 21a (providing several methods of delivery, including certified or registered mail, as appropriate for "[e]very notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules."). A default judgment taken without proper service is void. *See In re Discount Rental, Inc.*, 216 S.W.3d 831, 832 (Tex. 2007) (per curiam). Because appellee's Original Petition requested only actual damages and her amended petition sought a more onerous judgment in the form of exemplary damages in addition to actual damages, appellants were entitled to service of the amended petition pursuant to Rule 21a.

### CONCLUSION

It is apparent from the face of the record that the trial court improperly rendered a default judgment on an amended petition that sought more onerous damages, but which was not properly served on appellants. Therefore, the default judgment is void. Accordingly, we reverse the default judgment and remand for further proceedings consistent with this opinion.

Sandee Bryan Marion, Justice