

IN THE
TENTH COURT OF APPEALS

_____

No. 10-10-00239-CV

JOHNSON ROOFING, INC. D/B/A
JOHNSON AUCTIONS,

Appellant

 v.

DISCOUNT RENTAL, INC. AND
BILLY PERRY,

Appellees

_____

From the 170th District Court
McLennan County, Texas
Trial Court No. 2006-2576-4

MEMORANDUM  OPINION

Discount Rental filed suit against Johnson Roofing, Inc. d/b/a Johnson Auction, William and Barbara Carter, and Billy Simon d/b/a Big Boys' Wrecker Services for damages to its property seized under a writ of execution.   Discount Rental and Johnson are the only parties before us on appeal.   Johnson filed a motion to dismiss for lack of jurisdiction, and alternatively, a motion for summary judgment.   The trial court denied the motions, and Johnson appeals.   We affirm.

## BACKGROUND

The Carters obtained a default judgment against Discount Rental, and the trial court issued a writ of execution on the default judgment. Discount Rental's property was seized pursuant to the writ of execution. The Carters and Discount Rental agreed to an order for the sale of the seized property, and the trial court signed the order on March 25, 2004. The seized property was moved to Johnson Auction where Johnson was to provide safe and secure storage until time of the sale. This Court reversed the default judgment before the sale occurred. *Disc. Rental Inc., v. Carter*, No. 10-03-00276-CV (Tex. App.—Waco May 5, 2004, pet. denied) (mem.op.).

The trial court denied Discount Rental's motion to modify or set aside the March 25 order for sale. On November 30, 2004, the trial court again denied Discount Rental's request for relief and again authorized the sale. The Texas Supreme Court conditionally granted Discount Rental's petition for mandamus and vacated the trial court's orders for sale and orders denying relief. *In re Discount Rental*, 216 S.W.3d 831, 832 (Tex. 2007). The Supreme Court further directed the trial court to return the property to Discount Rental. *Id*.

Discount Rental retrieved the seized property. Discount Rental then filed suit to recover for damages to the seized property.

## STANDARD OF REVIEW

A motion to dismiss based on the absence of subject matter jurisdiction is the functional equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. *Wallingford v. Trinity Universal Ins. Co.*, 253 S.W.3d 720, 723 (Tex. App.—Amarillo 2007, pet. denied); *Lacy v. Bassett*, 132

S.W.3d 119, 122 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The standard of review in a traditional summary judgment proceeding is well established. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant moving for summary judgment on the basis of an affirmative defense must plead and conclusively establish each essential element of that defense. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

### IMMUNITY

Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). Johnson argues that it is immune from suit as an agent of McLennan County and its constable.

Except as provided by Section 34.061, an officer is not liable for damages resulting from the execution of a writ issued by a court of this state if the officer in good faith executes or attempts to execute the writ as provided by law and by the Texas Rules of Civil Procedure. TEX. R. CIV. P. ANN. § 7.003(a) (Vernon Supp. 2010). The officer shall keep securely all personal property on which he has levied and for which no delivery bond is given. TEX. R. CIV. P. ANN. § 34.061(a) (Vernon 2008).

For a duty performed before September 1, 2007, if an injury or loss to an interested party results from the negligence of the officer, the officer and his sureties are

liable for the value of the property lost or the amount of the injury sustained, plus 10 percent of that value. The total amount is recoverable on motion of the injured party filed with the court that issued the writ, following three days' notice. *See* former Tex. R. Civ. P. 34.061(b); Section 8 of Acts 2007, 80th Leg., ch. 421.

Section 34.061 is a legislatively created exception to immunity. *See Freeman v. Wirecut E.D.M.*, 159 S.W.3d 721, 729 (Tex. App.—Dallas 2005, no pet.); *Merritt v. Harris County*, 775 S.W.2d 17, 23 (Tex. App.—Houston [14th Dist.] 1989, writ denied). Discount Rental alleges that Johnson's negligence in safeguarding the seized property caused damage to the property and loss of the property. Assuming without deciding that Johnson is entitled to be treated as the constable and McLennan County, Johnson is not entitled to immunity on Discount Rental's claims of negligence in failing to properly secure the seized property. The trial court did not err in denying Johnson's motion to dismiss and motion for summary judgment. We overrule Johnson's second issue.

Because we find that Discount Rental's claims come within the waiver of immunity, we need not address whether Johnson is an agent of McLennan County and its constable. Tex. R. App. P. 47.1.

## CONCLUSION

Governmental immunity is waived on claims of negligence in storing and securing seized property. Because we find that immunity is waived, we affirm the trial court's order denying Johnson's motion to dismiss and motion for summary judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed: October 6, 2010
[CV06]