02-09-124-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00124-CV

 

 


 
 
 Empire Equipment International and
 Robert Russell
 
 
  
 
 
 APPELLANTS
 AND APPELLEES
 
 
 
 
  
 V.
  
 
 
 
 
 Pipeline Machinery International,
 L.P.
 
 
  
 
 
 APPELLEE
 AND APPELLANT 
 
 


 

 

----------

 

FROM 141st District Court OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

          Appellants Empire Equipment
International, Inc. and Robert Russell[2]
(collectively, Empire) appeal from the trial court’s take nothing judgment in
favor of Appellee Pipeline Machinery International, L.P. (Pipeline).  Empire contends in five issues that the trial
court erred by refusing to set aside the execution, levy, bill of sale, and
sale of its property; by striking its second amended petition in intervention
for a declaratory judgment that the execution and sale were void; by denying
leave to join two subsequent purchasers as parties; and by granting two summary
judgments for Pipeline.  By cross-appeal,
Pipeline contends that this court lacks jurisdiction over Empire’s appeal
because Empire did not timely file its notice of appeal.  We affirm.

II.  Background

          Alan Bell loaned approximately $1.2
million to Russell and Empire for the purchase of heavy equipment used in the
pipeline industry (the Equipment).  In
September 2005, Bell was unable to locate Russell, who was hospitalized for
treatment of a severe bipolar condition. 
Bell sued Russell contending Russell failed to repay the loan and
seeking recovery of actual and punitive damages and attorneys’ fees and a prejudgment
writ of attachment on the Equipment. 
Bell thereafter sought service on Russell by publication.  The trial court authorized service by
publication and entered an “Order for Issuance of Writ of Attachment.”[3]  

          Russell did not answer the lawsuit, and
the trial court signed an interlocutory default judgment in December 2005.  Bell subsequently filed an amended petition,
and the trial court signed a second interlocutory default judgment on January
27, 2006.  The January 27, 2006 judgment
awarded Bell actual damages of $1,155,000 and stated that the amount of
punitive damages would “be determined in future proceedings.”  It also foreclosed Bell’s attachment lien
against the Equipment, ordered that the Equipment be delivered to Bell, and
stated that an order of sale pursuant to rule of civil procedure 309 would
issue upon request by Bell.[4]  The Equipment was sold at a public auction on
March 15, 2006, and Pipeline placed the highest bid—$1,230,000.

          Seven days after the sale to Pipeline,
Russell appeared in the lawsuit and filed a motion for reconsideration and to
set aside the interlocutory default judgments, contending that he had not been
properly served.[5]  In May 2006, after being informed that Bell
and Russell had agreed that the trial court should set aside the interlocutory
judgments, the trial court entered an order setting aside the default judgments
and declaring them “void ab initio, and of no force
and effect at any time.”  The trial court
also ordered that the proceeds from the sale to Pipeline be deposited into the
registry of the court.

In
July 2006, Empire filed a petition in intervention and a third-party petition
against Pipeline.  In the third-party
petition, Empire contended, among other things, that the sale to Pipeline was
void because there was no final judgment to support it, that the Equipment
belonged to Empire, and that Pipeline should return the Equipment to Empire and
pay damages for Empire’s “loss of the reasonable rental value of the [E]quipment.”  Pipeline
answered the third-party petition in August 2006 and later asserted
counter-claims against Empire for, among other things, a declaratory judgment
that the sale to Pipeline was valid and that Pipeline acquired good title to
the Equipment.  By
April 2007, Pipeline had sold or leased all of the Equipment to Challenger
Services and Gregory & Cook, Inc. (collectively, the Subsequent
Purchasers).

          Empire and Russell eventually settled with
Bell, and the trial court entered an order releasing the funds in the registry
of the court to Bell’s attorney.  Both
before and after Pipeline answered the third-party petition, Empire filed
several motions and pleadings seeking the return of the Equipment and to set
aside the sale to Pipeline.  Empire’s
filings included:  (1) a motion for immediate
return of the Equipment under civil practice and remedies code section 34.021;[6] (2) an
application for injunctive relief; (3) a motion for leave to add the Subsequent
Purchasers as third-party defendants; (4) a third-party petition against the
Subsequent Purchasers; (5) a second amended petition for declaratory relief
against Pipeline; (6) a motion to have the sale to Pipeline invalidated as void
ab initio; and (7) a supplemental petition against
Pipeline seeking equitable relief. The trial court denied each of Empire’s
motions, struck Empire’s pleading against the Subsequent Purchasers, struck
Empire’s pleading for declaratory relief against Pipeline, and entered summary
judgment for Pipeline on all of Empire’s causes of action.  The trial court also sanctioned Empire
because Empire filed the third-party petition against the Subsequent Purchasers
after the trial court had denied Empire leave to file it.  After granting the second summary judgment
for Pipeline, the trial court severed Empire’s claims against Pipeline, and
this appeal followed.

III.  Jurisdiction Over Empire’s Appeal

          We address Pipeline’s cross appeal
first because it concerns our jurisdiction over Empire’s appeal.  At the February 12, 2009 hearing on
Pipeline’s second motion for summary judgment, the trial court granted summary
judgment against Empire and stated, “I will sever the claims that exist and
have been asserted between Pipeline and [Empire] into a new cause of
action.”  The trial court also stated
that “[o]nce the severance order is signed[,] this case will be final.”[7]  The trial court then signed the severance
order on February 13, 2009. However, although Empire was present at the
February 12, 2009 hearing and agreed to sever its claims against Pipeline,
Empire did not receive notice from the trial court clerk or acquire actual
knowledge that the February 13, 2009 severance order had been signed until
March 23, 2009.[8]

By
its cross-issue, Pipeline argues that we do not have jurisdiction over Empire’s
appeal because Empire had actual knowledge of the trial court’s oral rendition
of severance at the February 12, 2009 hearing but did not file a notice of
appeal within thirty days of the February 13, 2009 severance order.[9]  See
Tex. R. App. P. 26.1(a) (providing that “a notice of appeal must be filed
within 30 days after the judgment is signed” unless the party timely files a
request for findings of fact and conclusions of law or a plenary power
extending motion).  Empire responds that
it did not receive notice or acquire actual knowledge that the severance order
had been signed until March 23, 2009, and that it timely filed its notice of
appeal within thirty days of acquiring that knowledge.  See
Tex. R. Civ. P. 306a(4)–(5) (providing that if a party
does not receive notice from the trial court clerk that an order has been
signed within twenty days of the signing, the applicable deadlines run from the
date the party receives notice or actual knowledge of the signing of the
order); Tex. R. App. P. 4.2(a)(1) (same).

          Pipeline is correct in its contention
that a judgment is rendered at the time the trial court announces its decision
in open court.  See Samples Exterminators v. Samples, 640 S.W.2d
873, 875 (Tex. 1982).  However,
Pipeline’s cross appeal is based entirely on the incorrect premise that
appellate timetables run from the date that judgment is rendered rather than
the date that the judgment is signed.[10] For
purposes of appellate timetables, such as the appellate timetable involved here
for filing a notice of appeal, the critical date is the date on which the
judgment or appealable order is signed.  Farmer v. Ben E. Keith Co., 907 S.W.2d
495, 496 (Tex. 1995) (providing that “appellate timetable runs from the signing
date of whatever order that makes a judgment final and appealable,” such as an
order of severance); see Tex. R. App.
P. 26.1(a) (providing that “a notice of appeal must be filed within 30 days
after the judgment is signed”
(emphasis added)); see also Cont’l Cas. Co. v. Davilla, 139 S.W.3d 374, 379 (Tex. App.—Fort Worth 2004,
pet. denied) (citing Tex. R. Civ. P. 306a(4), and
stating that “[t]he party adversely affected by the ruling of the trial court
must prove in the trial court, on sworn motion and notice, the date he or his
attorney first received notice or
acquired actual knowledge of the signing” (emphasis added)).

Pipeline
does not dispute that Empire first received notice or acquired actual knowledge on March 23, 2009, that the severance order
had been signed on February 13, 2009; that March 23, 2009, was a date more than
twenty but less than ninety-one days after the trial court signed the February
13, 2009 severance order; or that Empire filed its notice of appeal within
thirty days of March 23, 2009.  See Tex. R. Civ. P. 306a(4),
(5); Tex. R. App. P. 4.2(a)(1).  Thus,
even if the trial court had made each of the findings of fact that Pipeline
contends it should have made, the findings would be immaterial to our
jurisdictional analysis because Empire first received notice or acquired actual
knowledge of the signing more than twenty but less than ninety-one days after
the severance order was signed, and Empire filed its notice of appeal within
thirty days of receiving notice of the signing. 
See Tex. R. Civ. P. 306a(4), (5); Tex. R. App. P. 4.2(a)(1), 26.1(a).  We hold that Empire timely filed its notice
of appeal and that we have jurisdiction over Empire’s appeal.  See
Tex. R. Civ. P. 306a(4), (5); Tex. R. App. P.
4.2(a)(1), 26.1(a).  We therefore
overrule Pipeline’s sole cross-issue.

IV.  Empire’s Appeal

A. 
Empire Has Exclusive Remedy Against Judgment
Creditor

          Empire contends in its first and
fourth issues that the trial court erred by granting
summary judgment to Pipeline and by refusing to set aside the sale and order
the Equipment returned to Empire.  Empire
asserts in its third issue that the trial court erred by denying it leave to
join the Subsequent Purchasers as third-party defendants.

Empire argues that because the January
26, 2007 default judgment was interlocutory, the execution, order of sale,
sale, and any titles passing as a result of the sale are void.  Therefore, according to Empire, it may seek
the return of the Equipment from Pipeline or the Subsequent Purchasers.  Pipeline responds that civil practice and
remedies code section 34.022—which permits a judgment debtor such as Empire to
recover the market value of seized property from a judgment creditor such as Bell
if the judgment upon which an execution sale is based is later set aside or
reversed—sets forth Empire’s exclusive remedy. 
See Tex. Civ. Prac. & Rem. Code Ann. § 34.022
(Vernon 2008).  Thus, according to
Pipeline, even though the January 26, 2007 default judgment was set aside,
section 34.022 bars Empire from asserting claims against Pipeline or any entity
that purchased or leased the Equipment from Pipeline. 

1.   
 Execution on Interlocutory Judgment

“[A]n interlocutory judgment may not be enforced through execution.”  In re Burlington Coat Factory Warehouse of McAllen, Inc., 167
S.W.3d 827, 831 (Tex. 2005) (citing Tex. R. Civ. P. 622; Nalle v. Harrell, 118 Tex. 149, 12 S.W.2d 550, 551 (1929)).  The January 26, 2007 judgment in this case
was interlocutory because it reserved a determination of punitive damages for a
later time.  See id. at 828, 830–31.  And because the January 26, 2007 judgment was
interlocutory, the trial court abused its discretion by authorizing execution
on that judgment.  Id. at 831; see also In re Discount Rental, Inc., 216 S.W.3d
831, 832 (Tex. 2007) (holding that default judgment and subsequent execution
were void when default judgment was obtained without proper service on the
plaintiff).  Our inquiry does not end
here, however, because we must still determine whether Empire can seek recovery
of the Equipment from Pipeline (or an entity to which Pipeline sold or leased
the Equipment) or whether Empire is limited to the recovery from Bell of the
market value of the Equipment at the time of the sale.[11]

2.   
 Civil Practice & Remedies Code Sections
34.021 and 34.022

 

Civil practice and remedies code section 34.021 states:  “A person is entitled to recover his property
that has been seized through execution of a writ issued by a court if the
judgment on which execution is issued is reversed or set aside and the property has not been sold at
execution.”  Tex. Civ.
Prac. & Rem. Code Ann. § 34.021 (emphasis
added).  In addition, civil practice and
remedies code section 34.022 provides:

(a) A person is entitled to recover from the
judgment creditor the market value of the person’s property that has been
seized through execution of a writ issued by a court if the judgment on which
execution is issued is reversed or set aside but the property has been sold at execution.

 

(b) The amount of recovery is determined by the
market value at the time of sale of the property sold.

 

Id. § 34.022 (emphasis added). 
Relying on section 34.022, Pipeline argues that because the Equipment
was sold at execution before the January 26, 2007 judgment was set aside,
Empire has an exclusive remedy against Bell—the judgment creditor—and that
Empire is precluded from recovering the Equipment from Pipeline or the
Subsequent Purchasers. 

The meaning of a statute is a legal
question, which we review de novo.  Entergy Gulf States, Inc. v. Summers,
282 S.W.3d 433, 437 (Tex. 2009); F.F.P.
Operating Partners., L.P. v. Duenez,
237 S.W.3d 680, 683 (Tex. 2007).  We
begin by examining the exact wording and apply the tenet that the legislature
chooses its words carefully and means what it says.  See In
re M.N., 262 S.W.3d 799, 802 (Tex. 2008); Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981);
Benish v. Grottie,
281 S.W.3d 184, 192–93 (Tex. App.—Fort Worth 2009, pet. denied).

Applying these rules of statutory construction to section 34.022, we note
that Empire’s claims against Pipeline are common law claims for trespass to
chattels[12] and conversion, that Pipeline is
not the judgment creditor, and that Empire pursued and settled its claims
against Bell—the judgment creditor.  Had
the Equipment not been sold when the trial court set aside the default
judgments, Empire could have, pursuant to section 34.021, sought the return of
the Equipment.  See Tex. Civ. Prac. & Rem. Code Ann.
§ 34.021; see also In re Discount Rental,
216 S.W.3d at 832 (ordering return of property held by constable).  Indeed, section 34.021 does not on its face
prohibit a judgment debtor from seeking the return of its property so long as
the property has not been sold.  See Tex. Civ. Prac.
& Rem. Code Ann. § 34.021.  But Empire’s property was sold, and section
34.022 therefore applies.  See id. § 34.022(a).  And unlike section 34.021, section 34.022
limits Empire’s claim to one against the judgment creditor.  See id.  Therefore, because the Equipment had been
sold before the trial court set aside the default judgments, we hold that
Empire’s exclusive remedy was against Bell—the judgment creditor.  See id.;
Waffle House v. Williams, 313 S.W.3d
796, 802–04, 809 (Tex. 2010) (holding common law claim abrogated by impliedly
exclusive statutory scheme).  We hold
that the trial court did not abuse its discretion by refusing to set aside the
execution sale to Pipeline or by denying leave for Empire to join the
Subsequent Purchasers as third-party defendants.[13] 
We further hold that the trial court properly granted Pipeline’s first
motion for summary judgment.  We overrule
Empire’s first, third, and fourth issues.

B. 
Empire’s Pleading for Declaratory Relief
Against Pipeline

          Empire contends in its second issue
that the trial court erred by striking its pleading for declaratory relief
against Pipeline in which Empire sought a declaration that the execution, levy,
sale, and bill of sale were void.  Empire
argues that the trial court’s order was a “partial death penalty” and that the
striking of the pleading was not a just sanction against Empire. 

          At the time that Empire filed its
pleading for declaratory relief against Pipeline, Empire had pending claims
against Pipeline for trespass to chattels, conversion, and wrongful execution,
levy, and seizure—all of which sought the return of the Equipment based on the
alleged invalidity of the sale.  In
addition, Pipeline had a pending counterclaim for declaratory relief that
Empire’s “remedies, if any, are limited to recovery of damages from parties
other than [Pipeline].”  In its brief in
this court, Empire asserts that it filed its pleading for declaratory relief
against Pipeline because it “sought to meet [Pipeline’s] counter-claim with
[its] pleading for a declaratory judgment that the constable’s sale was void.”  However, “[t]he Declaratory Judgments Act is
‘not available to settle disputes already pending before a court.’”  BHP
Petroleum Co. Inc. v. Millard, 800 S.W.2d 838, 841 (Tex. 1990) (quoting Heritage Life v. Heritage Grp. Holding, 751 S.W.2d 229, 235 (Tex. App.—Dallas
1988, writ denied)).  Thus, because the
issue of the validity of Pipeline’s title to the Equipment was already pending
before the court at the time Empire filed its pleading for declaratory relief
against Pipeline, the trial court could have validly stricken Empire’s pleading
for declaratory relief on this ground.  See Sanchez v. AmeriCredit Fin. Servs., Inc., 308 S.W.3d 521, 524 (Tex. App.—Dallas
2010, no pet.) (“A counterclaim for declaratory judgment is improper if it is
nothing more than a mere denial of the plaintiff’s claims and the counterclaim
fails to have greater ramifications than the original suit.”).  And because we are bound to uphold the trial
court’s ruling if it reached the correct result, we hold that the trial court
did not abuse its discretion by striking Empire’s pleading for declaratory
relief against Pipeline.  See Markel Ins. Co. v. Muzyka, 293 S.W.3d 380, 385 (Tex. App.—Fort Worth 2009,
no pet.) (“[R]egardless of
the reasoning employed by the trial court . . . , if the trial court reached
the correct result, we will affirm its ruling.”).[14]  We overrule Empire’s second issue.

C. 
Pipeline’s Second Motion for Summary Judgment

          In its fifth issue, Empire argues that
the trial court erred by granting Pipeline’s second motion for summary
judgment.  After the trial court granted
Pipeline’s first motion for summary judgment, Empire filed a supplemental
pleading in which it alleged that the sale to Pipeline should be set aside in
equity because irregularities in the sale led to the Equipment being sold for a
grossly inadequate price.  Pipeline then
filed its second motion for summary judgment and requested summary judgment on
three grounds: (1) res judicata based on the trial
court’s prior interlocutory rulings; (2) mootness
because Pipeline no longer possessed the Equipment; and (3) no evidence of alleged
irregularities in the execution sale that led to a grossly inadequate price.  Empire responded to Pipeline’s second motion
for summary judgment and presented argument and evidence that its equitable
claim differed from the claims on which the trial court had previously ruled or
granted summary judgment and that irregularities in the execution sale caused a
grossly inadequate price.  However,
Empire presented no argument or evidence concerning the mootness
ground raised in Pipeline’s second motion for summary judgment.  Empire also does not brief this court as to
why its claim for equitable relief against Pipeline is not moot. 

          When the trial court’s judgment rests
upon more than one independent ground or defense, the aggrieved party must
assign error to each ground, or the judgment will be affirmed on the ground to
which no complaint is made.  Scott v. Galusha,
890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied).  One of the grounds asserted by Pipeline in
its second motion for summary judgment was mootness,
but Empire did not respond to this ground in the trial court and does not
challenge this ground on appeal. 
Therefore, we must affirm the summary judgment.  See id.;
see also Pat Baker Co., Inc. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998); Torres v. Johnson, 91 S.W.3d 905, 908
n.3 (Tex. App.—Fort Worth 2002, no pet.) (affirming
summary judgment on unchallenged ground); King
v. Tex. Employers’ Ins. Ass’n, 716 S.W.2d 181,
182–83 (Tex. App.—Fort Worth 1986, no writ) (affirming summary judgment
“because summary judgment may have been granted, properly or improperly,” on
the ground set out in the motion, and the appellant did not challenge that
ground).  We overrule Empire’s fifth
issue.    

V. 
Conclusion

          Having overruled Pipeline’s sole cross-issue
and each of Empire’s issues, we affirm the trial court’s judgment.

 

 

ANNE GARDNER
JUSTICE

 

PANEL:  DAUPHINOT, GARDNER,
and WALKER, JJ.

 

DELIVERED: 
March 3, 2011











[1]See Tex. R. App. P. 47.4.





[2]Russell is the
sole shareholder of Empire.





[3]See Tex. Civ. Prac. & Rem. Code Ann. §§ 61.001–.002 (Vernon 2008); .0021 (Vernon
Supp. 2010); .003–.021 (Vernon 2008); .022 (Vernon Supp. 2010); .023–.063
(Vernon 2008).  The order for writ
of attachment also required the placement of GPS tracking devices on the
Equipment.





[4]See Tex. R. Civ. P. 309 (providing that
judgments foreclosing liens “shall be that the plaintiff recover his debt,
damages and costs, with a foreclosure of the plaintiff’s lien on the property
subject thereto, and, . . . that an order of sale shall issue to any sherriff or any constable . . . directing him to seize and
sell the same as under execution”).





[5]In a subsequent
hearing, Russell testified that he had received a copy of the original petition
by early December 2005 and that he hired his attorney “immediately.”  Russell’s attorney testified that he also
knew about the lawsuit, that he called the clerk’s office periodically to check
for a return of service, but that he “dropped the ball” and did not file an
answer to the lawsuit.





[6]See Tex. Civ. Prac. &
Rem. Code Ann. § 34.021 (Vernon 2008) (“A person is entitled to recover his
property that has been seized through execution of a writ issued by a court if
the judgment on which execution is issued is reversed or set aside and the property has not been sold at
execution.” (emphasis added)).





[7]The severance
order is the final judgment in this case because the summary judgment was
interlocutory until Empire’s claims against Pipeline were severed from the
existing lawsuit.  See Diversified Fin. Sys, Inc. v. Hill, Heard, O’Neal, Gilstrap & Goetz, P.C., 63 S.W.3d 795, 795 (Tex.
2001).





[8]We abated this
appeal for the trial court to determine the date on which Empire “received
notice or acquired actual knowledge that the February 13, 2009 judgment had
been signed.”  See Tex. R. App. P. 4.2(c); Tex. R. Civ. P. 306a(5).  The trial court had previously conducted a
hearing pursuant to rule 306a(5) on Empire’s motion to determine the date on
which appellate deadlines began, but the trial court did not make a finding as
to the date Empire acquired actual knowledge of the signing.  After we abated the appeal, the trial court
made a finding of fact that “the date on which [Empire] received notice or
acquired actual knowledge that the February 13, 2009 Judgment had been signed
was March 23, 2009.”





[9]Pipeline’s issue
on cross appeal is that the trial court erred by failing to make findings of
fact that (1) the trial court rendered final judgment on February 12, 2009,
when it orally severed Empire’s claims into a new cause number; (2) Empire had
actual knowledge of the trial court’s February 12, 2009 oral order of
severance; (3) Empire agreed to the severance in open court at the February 12,
2009 hearing; and (4) the trial court signed a written order granting the
severance on February 13, 2009.  Building
on its contention that the trial court should have made these findings,
Pipeline argues that Empire should have filed its notice of appeal within
thirty days of the February 13, 2009 severance order because Empire had actual
knowledge of the trial court’s oral rendition of severance at the February 12,
2009 hearing.





[10]The case on which
Pipeline bases its cross-issue says as much. 
See Tex. Life
Ins. Co. v. Tex. Bldg. Co., 307 S.W.2d 149, 154 (Tex. Civ. App.—Fort Worth
1957, no writ).  For purposes of
deadlines other than the timetables for
appeal, the controlling date is the date that judgment is rendered.  See id.





[11]Empire has already pursued a claim against
Bell for the market value of the Equipment and reached a settlement with him. 





[12]Empire’s pleading
actually alleges an “action sounding in replevin,”
but Empire’s responses to Pipeline’s special exceptions and motion for summary
judgment clarified that its “action sounding in replevin”
is a cause of action for trespass to chattels.





[13]Empire relies on Burlington Coat Factory to support its contention that the trial
court should have ordered the return of its Equipment.  But Burlington
Coat Factory was a mandamus proceeding, a sale had not yet occurred, and
the trial court had already set aside the default judgment before refusing to
set aside the order of sale.  See, 167 S.W.3d at 831.  None of those facts are present here.  Moreover, Empire’s reliance on Ferris v. Security Savings & Loan Association, 545 S.W.2d 208, 213
(Tex. Civ. App.—Eastland 1976, no writ), and York Division, Borg-Warner Corp. v. Security Savings & Loan Association,
485 S.W.2d 327, 330–31 (Tex.
Civ. App.—Houston [1st Dist.] 1972, writ ref’d n.r.e.), is unconvincing because those cases were decided
before the enactment of civil practice and remedies code section 34.022.  See
Act of June 16, 1981, 67th Leg., R.S., ch.
714 § 3(a), 1981 Tex. Gen. Laws (1981) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 34.021-.022).





[14]The trial court’s
order striking Empire’s pleading for declaratory relief against Pipeline does
not give the reason for the trial court’s ruling.  Empire argues on appeal that the striking of
its pleading was an inappropriate sanction, and Pipeline responds that the
sanction was appropriate because Empire’s pleading was groundless and brought
in bad faith.  We express no opinion on
the validity of the trial court’s ruling on those grounds and simply hold that
the trial court had a different basis for which it could have validly stricken
Empire’s pleading for declaratory relief against Pipeline.  See
Markel, 293 S.W.3d at 385.