Appellee’s Motion for Rehearing Denied; Opinion of May 3, 2011,
Withdrawn; Reversed and Rendered and Substitute Opinion on Rehearing filed June
16, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00635-CV

___________________

 

Xenos Yuen, siegel Yuen & Honore, PLLC,
and Law Office of Xenos Yuen, P.C., Appellants

 

V.

 

James Gerson, Appellee



 



 

On
Appeal from the 164th District Court

Harris County,
Texas



Trial Court Cause No. 2007-60861

 



 

 

SUBSTITUTE OPINION ON REHEARING

            We overrule appellee James Gerson’s motion for
rehearing, withdraw our opinion issued May 3, 2011, and issue this substitute
opinion.  Gerson’s motion for rehearing en banc is denied as moot.                                                                                                                                                                                                                                                         
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                  

Appellants,
Xenos Yuen, Siegel, Yuen & Honore, PLLC, and Law Office of Xenos Yuen,
P.C., appeal the portion of a judgment ordering them to pay $25,000 to Gerson
pursuant to his motion for sanctions.  We reverse that portion of the judgment
awarding $25,000 and court costs against appellants and render judgment denying
Gerson’s motion for sanctions.

I.  
Background[1]

Gerson is an
attorney who represented Paul Kwok-Wah Law in a separate lawsuit.  After Gerson
withdrew from that representation, appellants began representing Law.  Law later
sued Gerson for negligence, gross negligence, breach of contract, breach of
fiduciary duty, and violations of the Deceptive Trade Practices Act (“DTPA”),
based on Gerson’s allegedly deficient representation.  Appellants represented
Law in his suit against Gerson.  Gerson filed a “counterclaim” against Law,
alleging his claims were frivolous in violation of Chapter 9 of the Texas Civil
Practice and Remedies Code.

The trial
court granted no-evidence summary judgment in favor of Gerson on all of Law’s
claims.  Subsequently, on February 2 and 4, 2009, the parties appeared for
trial on Gerson’s Chapter 9 “counterclaim.”[2] 
At the outset of trial, Gerson orally requested the opportunity to present a
motion for sanctions against appellants.  The trial court denied the motion, concluding
it was untimely.  A bench trial was conducted on Gerson’s “counterclaim” for
sanctions against Law.  After hearing evidence, the court orally announced its
finding that Gerson incurred $16,675 in attorney’s fees defending against Law’s
frivolous claims.

          On March 13, 2009, Gerson filed a written motion requesting
sanctions against Law and appellants pursuant to Texas Rule of Civil Procedure
13, Chapters 9 and 10 of the Texas Civil Practice and Remedies Code, and
section 17.50(c) of the Texas Business and Commerce Code (a section of the
Texas DTPA).  On April 17, 2009, Gerson appeared for a hearing scheduled on the
motion, but neither Law nor appellants appeared.  After admitting evidence from
Gerson regarding additional attorney’s fees he had incurred since the February
trial, the trial court orally announced it would assess sanctions against
appellants.

            On April 22, 2009, the trial court signed a final judgment,
ordering that Law take nothing in his suit, determining that appellants brought
a groundless lawsuit in violation of Rule 13, Chapters 9 and 10, and section
17.50(c), and awarding Gerson $16,675 against Law and $25,000 against
appellants.  The trial court also ordered both Law and appellants to pay
post-judgment interest, court costs, and additional attorney’s fees in the
event they prosecuted an unsuccessful appeal to a court of appeals or the Texas
Supreme Court.  In the judgment, the trial court also recited various findings
of fact and conclusions of law.  

Appellants
filed a motion for new trial contending they did not receive notice of the
sanctions hearing.  The trial court denied the motion without holding an evidentiary
hearing.

II.   Analysis

            Appellants present
twelve issues in which they challenge the sufficiency of evidence supporting
the trial court’s sanctions, the form of the sanctions order, and the trial
court’s refusal to hold an evidentiary hearing on appellants’ motion for new
trial.

Preliminarily, we note that some of appellants’
complaints appear to pertain to portions of the judgment against Law.  However,
Law did not file a notice of appeal, and appellants acknowledge in their reply
brief that the notice of appeal was filed by appellants only.  Accordingly, we
lack jurisdiction to consider any issues pertaining to the judgment against
Law.  See Wilkins v.
Methodist Health Care Sys., 160 S.W.3d 559, 564 (Tex. 2005); Gantt v. Gantt, 208
S.W.3d 27, 30 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

A.   Sanctions Against Appellants
under Rule 13 and Chapters 9 and 10

We begin with appellants’ tenth issue, in which they
contend the trial court erred by sanctioning appellants because neither Yuen
nor his law firms signed the allegedly frivolous pleadings.  We construe this
issue as appellants’ contention the evidence is legally insufficient to support
a finding that appellants signed the objectionable pleadings and, therefore,
the trial court erred by sanctioning them.[3]   


We review a trial court’s order imposing sanctions under rule
13 and Chapters 9 and 10 for abuse
of discretion.  See Low v. Henry, 221
S.W.3d 609, 613–14 (Tex. 2007); Lake Travis Indep. Sch. Dist. v. Lovelace, 243
S.W.3d 244, 257 (Tex. App.—Austin 2007, no pet.).  Legal sufficiency of
evidence is relevant in assessing whether the trial court abused its
discretion.  Armstrong v. Collin Cnty. Bail Bond Bd., 233 S.W.3d
57, 62 (Tex. App.—Dallas 2007, no pet.).  We will sustain a legal-sufficiency challenge if (1) the evidence shows a
complete absence of a vital fact, (2) rules of law or evidence bar the court
from giving weight to the only evidence offered to prove a vital fact, (3) the
evidence offered to prove a vital fact is no more than a scintilla, or (4) the
evidence establishes conclusively the opposite of the vital fact.  City of
Keller v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005).  We consider the
evidence in the light most favorable to the finding and indulge every
reasonable inference that supports it.  Id. at 820.  We credit favorable
evidence if a reasonable fact finder could and disregard contrary evidence
unless a reasonable fact finder could not.  Id. at 827.  The evidence is
legally sufficient if it would enable reasonable and fair-minded people to
reach the finding under review.  Id.

It is undisputed that Yuen did not sign the challenged pleadings.  Yuen’s
name was on the pleadings, but they were signed by associate attorneys at
Yuen’s law firms.  Rule 13 and Chapters 9 and 10, respectively, provide for
sanctions against the signatory of a groundless pleading.  “If a pleading,
motion or other paper is signed in violation of this rule, the court, upon
motion or upon its own initiative, after notice and hearing, shall impose an
appropriate sanction available under Rule 215, upon the person who
signed it, a represented party, or both.”  Tex. R. Civ. P. 13 (emphasis
added) (footnote omitted).  “If the court determines that a pleading has been
signed in violation of any one of the standards prescribed by Section 9.011,
the court shall . . . impose an appropriate sanction on the signatory, a
represented party, or both.”  Tex. Civ. Prac. & Rem. Code Ann. § 9.012(c)
(West 2002) (emphasis added).  “A court that determines that a person has
signed a pleading or motion in violation of Section 10.001 may impose a
sanction on the person, a party represented by the person, or both.” 
Tex. Civ. Prac. & Rem. Code Ann. § 10.004(a) (West 2002) (emphasis added). 


At least two courts of appeals have held that the express language of
Rule 13 limits sanctions for groundless pleadings to the attorney who actually
signed the pleadings and a represented party.  See In re Hill, No.
2-07-295-CV, 2007 WL 2891059, at *2 (Tex. App.—Fort Worth Oct. 3, 2007, orig.
proceeding) (mem. op.); Metzger v. Sebek, 892 S.W.2d 20,
52 (Tex. App.—Houston [1st Dist.] 1994, writ denied).  Because the
language in sections 9.012 and 10.004 is substantially similar to the language
of Rule 13, we conclude those sections likewise limit sanctions to the
signatory attorney and a represented party.  Consequently, we hold the evidence
is legally insufficient to support sanctions against Yuen under Rule 13 and
sections 9.012 and 10.004 because he did not sign the objectionable pleadings
and was not a party to those pleadings. 

For the same reason, the evidence is legally insufficient to support
sanctions against Yuen’s law firms.  The objectionable pleadings were not
signed on behalf of either firm.  Furthermore, only licensed persons (not
entities such as law firms) may practice law in Texas, and signing a pleading constitutes
the practice of law.  See Tex. Gov’t Code Ann. § 81.051(a) (West 2005)
(“The state bar is composed of those persons licensed to practice law in the
state.”); Tex. Gov’t Code Ann. § 81.101(a) (West 2005) (defining “practice of
law” as, among other actions, “preparation of a pleading or other document
incident to an action . . . on behalf of a client before a judge in a
court[.]”); see also Unauthorized Practice of Law Comm. v. Am. Home
Assurance Co., 261 S.W.3d 24, 33 (Tex. 2008) (“Those rules permit
only individuals meeting specified qualifications to practice law.  Entities, including insurance companies, are
excluded.” (citation omitted)).  

We recognize the First Court of Appeals has held that law firms are
sanctionable under sections 9.012 and 10.004, although the court did not
discuss or consider whether the law firm was “the signatory” or “a person [who]
signed a pleading.”  Finlay v. Olive, 77 S.W.3d 520, 527 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (determining law firms are sanctionable
under chapters 9 and 10 because no courts have specifically concluded otherwise
and courts have sanctioned firms under different provisions).[4]  For the reasons discussed above, we disagree with
our sister court.  Accordingly, we conclude that the trial court erred
to the extent it awarded Gerson $25,000 as a sanction against appellants under
Rule 13 or Chapters 9 or 10.  We sustain
appellants’ tenth issue. 

B.   Attorney’s Fees under Section 17.50(c).  

We next consider those portions of appellants’ third and
fourth issues in which they contend the trial court erred by finding appellants
violated section 17.50(c) of the Business and Commerce Code by bringing the
lawsuit against Gerson.

On a finding by the
court that an action under [section 17.50] was groundless in fact or law or
brought in bad faith, or brought for the purpose of harassment, the court shall
award to the defendant reasonable and necessary attorneys’ fees and court
costs.

Tex. Bus. & Com. Code
Ann. § 17.50(c) (West 2011).  A claim for attorney’s fees under section
17.50(c) is not a motion for sanctions; it is an independent claim.  See Ortiz
v. Collins, 203 S.W.3d 414, 420–21 (Tex. App.—Houston [14th Dist.] 2006,
no pet.) (holding request for attorney’s fees under section 17.50(c) in
defendant’s answer was a counterclaim).  Thus, although Gerson’s pleading was
denominated as a motion for sanctions, the substance of that portion of the
pleading requesting fees pursuant to section 17.50(c) constituted a third-party
claim.  See id. (“Appellees emphasize that [the defendant] did not call
his request a counterclaim, but we look to the substance of a claim to
determine its nature, not its label.”).

Nothing in the record indicates that appellants as parties
subject to a third-party claim were served with citation, waived service,
or entered an appearance before the trial court rendered judgment.[5]  Consequently, a
pre-appearance default judgment was effectively taken against appellants on
Gerson’s section 17.50(c) third-party claim.  Assuming, without deciding, that
appellants are subject to a third-party claim for damages under section
17.50(c), the trial court lacked jurisdiction over appellants to award such
damages.  See In re Discount Rental, Inc., 216 S.W.3d 831, 832 (Tex. 2007)
(per curiam) (“Because the default judgment was taken without proper service,
it was void.”); Lytle v. Cunningham, 261 S.W.3d 837, 840 (Tex.
App.—Dallas 2008, no pet.) (“When the attempted service of process is invalid,
the trial court acquires no personal jurisdiction over the defendant, and the
default judgment is void.”); see also In re Sheppard, 193 S.W.3d 181,
189 & n.8 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (recognizing trial
court does not have jurisdiction until service has been achieved or defendant
waives service or enters general appearance (citing Cotton v. Cotton, 57
S.W.3d 506, 511 (Tex. App.—Waco 2001, no pet.)).  Moreover, appellants’
awareness of the third-party claim did not subject them to a burden to act.  Wilson
v. Dunn, 800 S.W.2d 833, 837 (Tex. 1990) (“Absent service,
waiver, or citation, mere knowledge of a pending suit does not place any duty
on a defendant to act.”).  We conclude that the trial court erred to the extent
it awarded Gerson $25,000 against appellants under section 17.50(c) and sustain
those portions of appellants’ third and fourth issues pertaining to section
17.50(c).  

Having determined that the trial court erred by
ordering appellants to pay $25,000 to Gerson, we need not consider appellants’
remaining issues.  Accordingly, we reverse that portion of the judgment
awarding $25,000 and court costs against appellants and render judgment denying
Gerson’s motion for sanctions against appellants.       

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel consists of Justices
Anderson, Frost, and Seymore.









[1] In his brief, Gerson
argues appellants did not comply with Rule of Appellate Procedure 38.1(g) which
requires an appellant to support the factual assertions in the
statement-of-facts section of its brief with record references.  Tex. R. App.
P. 38.1(g).  In their reply brief, appellants include an amended
statement-of-facts section with record references and request that we consider
this statement of facts.  We grant appellants’ request and proceed as though we
allowed appellants an opportunity to amend their brief pursuant to Rule of
Appellate Procedure 38.9(a).  See Tex. R. App. P. 38.9(a).





[2] Gerson had also filed a
third-party claim against appellants, claiming that their subsequent
representation of Law in the other matter contributed to any damages he may
have sustained.  However, at the outset of this trial, Gerson nonsuited his
third-party claim against appellants in light of having obtained summary
judgment on Law’s claims.  





[3] Appellants were not
required to preserve error in the trial court regarding this complaint.  See
Tex. R. App. P. 33.1(d).





[4] Additionally, in
at least two cases, courts have addressed Rule 13 sanctions against law firms,
although neither case involved the issue of whether Rule 13 authorizes such
sanctions.  See Howell v. Texas Workers’ Comp. Comm’n, 143 S.W.3d 416,
427 (Tex. App.—Austin 2004, pet. denied); Susman Godfrey, L.L.P. v. Marshall,
832 S.W.2d 105 (Tex. App.—Dallas 1992, orig. proceeding).    





[5] Importantly, in their
response to Gerson’s motion for sanctions, appellants did not mention section
17.50(c) but addressed only chapter 9 and 10 and Rule 13.