545 S.W.2d 208 (1976)
M. H. FERRIS et al., Appellants,
v.
SECURITY SAVINGS & LOAN ASSOCIATION, DICKINSON, Texas, Appellee.
No. 4900.
Court of Civil Appeals of Texas, Eastland.
November 24, 1976.
Rehearing Denied December 16, 1976.
*210 Kenneth J. Peden, Childress, Port & Crady, Houston, Kenneth C. Kaye, League City, Elmo M. Johnson, Tramonte & Tramonte, Galveston, Raymond M. Hill, Dale Harville, Houston, E. M. Ammons, Texas City, Daniel E. O'Connell, Walter Wright, Houston, for appellants.
Charles R. Hancock, Hancock & Yelton, Dickinson, Claude T. Allen, Newton B. Schwartz, Rex C. Mounger, Sam L. Sterrett, Jr., Dave McNeill, Jr., Vinson, Elkins, Searls, Connally & Smith, Houston, Preston Shirley, Mills, Shirley, McMicken & Eckel, Galveston, Charles E. Casteel, Charles R. Dunn and R. Charles Stiles, Wyckoff, Eikenburg, Dunn & Frazier, Houston, Walter S. Fortney and Dennis Swift, Law, Snakard, Brown & Gambill, Fort Worth, for appellee.
RALEIGH BROWN, Justice.
This case involves claims for debt arising out of construction contract, financial arrangements pursuant thereto, foreclosure of mechanics' and materialmen's liens, and the respective priority of the liens.
Mr. and Mrs. M. H. Ferris and Dr. E. M. Ammons entered into a construction contract with J. L. Stover and L. C. Loper d/b/a Construction Associates on August 16, 1963, to construct certain improvements upon property owned by Ferris and Ammons. On August 20, 1963, Ferris and Ammons executed a mechanics' and materialmen's lien, deed of trust and note in the principal amount of $378,654, plus interest at the rate of 6% per annum to Stover d/b/a Construction Associates. The note was endorsed to League City State Bank by J. L. Stover as collateral for construction money together with the mechanics' lien contract of August 20, 1963. Subsequently, on June 18, 1964, League City State Bank assigned to Security Savings and Loan Association the note together with the collateral security.
After September 1, 1963, Ferris and Ammons contracted with York Division, Borg-Warner Corporation to furnish air conditioning units for installation in the project being constructed. The units were delivered and on June 3, 1964, York filed a materialmen's lien.
After default, Security filed suit against Ferris and Ammons, Stover and Loper for the amount due on the promissory note and for foreclosure of the mechanics' and materialmen's lien. Security also sued York and others to establish the priority of its lien. Stover and Loper and York filed actions against Ferris and Ammons for amounts due under their respective contracts.
On November 25, 1964, Security was granted a summary judgment. The judgment gave recovery on the notes against Ferris and Ammons, Stover and Loper and held that Security's lien was prior and superior to all other liens. The court ordered sale of the property owned by Ferris and Ammons to satisfy Security's money judgment. J. B. Kline, Sheriff of Galveston County, on February 2, 1965, sold the property to Security for $295,000. Security conveyed it to Ray Diamond, who transferred it to Newton Schwartz. York appealed the judgment of November 25, 1964. It was held to be interlocutory by the Court of Civil Appeals, Houston (1st Dist.) and the appeal was dismissed for want of jurisdiction. York Corp. v. Security Savings and *211 Loan Association, 391 S.W.2d 830 (Tex.Civ. App.Houston 1965, no writ).
The trial court then modified its judgment of November 25, 1964, by eliminating the adjudication concerning the priority of liens and on August 17, 1965, severed and rendered final Security's judgment against Ferris, Ammons, Stover, and Loper. The order dismissed with prejudice the cause of action by Stover and Loper against Security and severed York's cause of action against Ferris and Ammons. Thereafter, the trial court on September 28, 1965, rendered an interlocutory money judgment in favor of York against Ferris and Ammons and held the liens of York to be valid and ordered foreclosure. On October 22, 1965, the court ordered the September 28, 1965, judgment to be severed from other causes in the action and rendered final judgment in favor of York against Ferris and Ammons for the sum of $43,239.33 plus interest at 6% per annum and foreclosure of its materialmen's lien. An execution issued and the property was sold on March 4, 1969, by sheriff's deed to York.
The trial court entered a final judgment on March 17, 1970, and on appeal, the Court of Civil Appeals, Houston (1st Dist.). 485 S.W.2d 327 (writ ref. n. r. e.) reversed the judgment and remanded the cause.
The cause has been retried and either by cross action or third-party actions, others were made parties. Disposition of such parties has been properly made and none of them have appealed.
The only portion of the judgment challenged in this third appeal decrees:
(1) the liens of Security and York are coordinate, of equal dignity and are valid and subsisting first liens on the property;
(2) the lien of Security had a value of $648,422.54 on May 26, 1975, with interest accruing at the rate of 10% per annum; York's lien had a value of $68,362.38 on May 27, 1975 with interest at the rate of 6% per annum;
(3) the sheriff's sale to Security pursuant to a November 25, 1964 judgment is void;
(4) the sheriff's sale to York is void;
(5) Ferris and wife are barred by Art. 5509, Tex.Rev.Civ.Stat., from making any claim of title to and possession of the property;
(6) Ferris and wife have no legal title to and right of possession of the property; legal title and possession are vested in Newton B. Schwartz and Perry D. Davis, effective January 1, 1968;
(7) that Ferris take nothing against parties named Security Savings, League City State Bank, W. G. Hall, Jr., Schwartz and York;
(8) Security does not have a vendor's lien against the property;
(9) Security and York have joint foreclosure of their liens;
(10) an order of sale issue to the sheriff or constable directing him to sell property and apply proceeds first to cost of receiver and then against judgment of Security and York.
York and Ferris are the only appellants in this appeal. We reverse and render in part and affirm in part.
The three issues primarily determinative of this appeal are:
(1) the priority of liens between York and Security;
(2) the validity of the sheriff's sales, one to York and one to Security; and
(3) whether Ferris is barred by limitations or the doctrine of res judicata.

PRIORITY OF LIENS
York argues the trial court erred in holding that its lien and Security's lien were of equal dignity and coordinate. York contends its lien had its inception as a result of the general construction contract and thus was prior in time to Security's.
The construction contract dated August 16, 1963, provides in part:
"I.
. . . . .
e) The `Contract' shall mean and refer to the following:

*212 1) This agreement
2) The plans and drawings, consisting of 9 pages and specifications entitled `CASA DE ORO APARTMENTS' both prepared by said Architect with Addendum No. 1 dated the 7th day of August, 1963, and copies of all of which said instruments and documents and plans and specifications and addenda have been initialed by the parties hereto, and approved by the permanent, "Take-Out' and interim financing lenders."
"VII.
Everything hereinabove contained and as contained in the contract documents aside herefrom to the contrary notwithstanding, shall be subject to the following special conditions:
. . . . .
p) The Owner has the right to let other contracts in connection with the work and the Contractor shall properly cooperate with any such other contractors, subject to the requirements set out in Par. 2, Art. 3, Page 3, above."
Our examination of the plans and drawings, consisting of nine pages and specifications entitled "Casa De Oro Apartments" reflects that there is no requirement for air conditioning or duct work.
The addendum No. 1 dated 7th day of August, 1963, and introduced by York as its Exhibit # 2 provides in part:
"WORK NOT INCLUDED.
a. The following items of work are not included in this contract:
1) Drapes
2) Blinds
3) Landscaping
4) Air Conditioning
5) Kitchen equipment
6) Light fixtures
7) Finish Hardware Items
8) Carpet & Padding"
Sometime after September 1, 1963, York contracted with Ferris and Ammons to furnish air conditioning units for the project. Its materialmen's lien was recorded June 3, 1964. Security's lien claim arises from the mechanics' lien contract and deed of trust executed by Ferris and Ammons on August 20, 1963, and recorded August 21, 1963.
Texas has long followed the rule a subcontractor's lien relates back to the time of the original contract. Oriental Hotel Co. v. Griffiths, 88 Tex. 574, 33 S.W. 652 (1895). York, however, is not a subcontractor of the original contractor nor is its obligation one required by the general contract to which the lien may relate back. The trial court held that the air conditioning units furnished by York "are affixed to and are a part of the above described realty and the lien of York Division of Borg-Warner Corporation attached to the realty." York does not complain of such holding. Security's lien is then prior to York's and the trial court erred in holding the liens to be of equal dignity and coordinate. First National Bank in Dallas v. Whirlpool Corporation, 517 S.W.2d 262 (Tex.1974).
Supportive of the holding Security had a superior lien to York is the undisputed fact Security is subrogated, at least, to the unpaid balance of the purchase price of the land. Sanger Bros. v. Ely & Walker Dry Goods Co., 207 S.W. 348 (Tex.Civ.App. Fort Worth 1918, writ ref.).
The warranty deed conveying the property, upon which the apartment project was to be constructed, to Ferris retained a vendor's lien. A portion of the money advanced by League City State Bank, assignor of Security, was used to pay the remaining balance due on the purchase price of the land. Security had a prior lien at least to the extent of that payment. Providence Institution for Savings v. Sims, 441 S.W.2d 516 (Tex.1969). See also Irving Lumber Company v. Alltex Mortgage Company, 468 S.W.2d 341 (Tex.1971).
Security's cross-point the trial court erred in holding as a matter of law that Security did not have a vendor's lien and a mechanics' lien superior to any lien of York is sustained.

THE SHERIFF'S SALES
Security by cross-point contends the trial court erred in holding as a matter of *213 law the sheriff's sale of February 2, 1965, to Security was void. We disagree.
The Court of Civil Appeals, Houston (1st Dist.) in the opinion cited in 485 S.W.2d 327 (writ ref. n. r. e.), considered this argument and disposed of it by saying:
"It appears, therefore, that an interlocutory judgment has no effect on the legal rights of the parties until it becomes final. It is not a judgment upon which legal rights can be predicated aside from the effect it may have on the final judgment to be rendered. The order of sale issued under the summary judgment of November 25, 1964, was void because the judgment was interlocutory and because that judgment was set aside by the amendatory order of August 9, 1965.
The judgment to be entered in foreclosure proceedings is governed by Rule 309, T.R.C.P., which provides:
`Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and except in judgments against executors, administrators and guardians, that an order of sale shall issue to any sheriff or any constable within the State of Texas, directing him to seize and sell the same as under execution, in satisfaction of the judgment; and if the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to take the money or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary executions.'
The summary judgment of November 25, 1965, followed the wording of the rule by providing that:
`An Order of Sale shall issue to the Sheriff or any Constable of the State of Texas directing him to seize and sell the above described property as under execution and satisfaction of this judgment, and if the proceeds of such sale is insufficient to satisfy this judgment, then to take the money or any balance thereof remaining unpaid out of any other property of the defendants...'
Rule 309, T.R.C.P., contemplates that the order of sale be issued on a final judgment. It should not be construed to authorize its issuance on an interlocutory judgment. We would not ascribe to the legislature which enacted the statute on which the rule was based, or the Supreme Court of Texas in promulgating the rule, the intention to prescribe a procedure by which satisfaction of an interlocutory judgment could be secured without the right to appeal the judgment, and to supersede it pending the appeal, when these rights are provided in the case in which a final judgment is rendered. Rules 356 and 364(c), T.R.C.P."
Security's cross-point is overruled.
York's points of error attacking that portion of the judgment holding the sheriff's sale of the property on March 4, 1969, to York to be void are overruled.
That portion of the case was tried nonjury. The trial court found the sale void in part because York's attorneys were guilty of fraud in securing the order of sale and having the property sold while assuring the counsel for Security that no such action would be taken and in misleading the court by failing to inform the court that the property at issue had previously been sold under a court order in the same cause of action.
Viewing the evidence in its most favorable light and considering only the evidence and inferences which support the findings as to fraud, we overrule the no evidence points urged by York. Martinez v. Delta Brands, Inc., 515 S.W.2d 263 (Tex.1974).
Having carefully considered the entire record, we find the findings of fraud are not against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).
York contends the court's holding that the sale to it was void supported by the fraud findings amounted to a collateral attack by Security on a final judgment, execution *214 and sheriff's sale and thus, the court's ruling was erroneous. We disagree.
Security does not attack York's judgment obtained against Ferris and Ammons. Security specifically pleaded the fraudulent activities of York's counsel with respect to the sheriff's sale of March 4, 1969, both toward it and the court. Security sought a declaration that the sale be set aside because of such activities.
We hold such pleadings do not involve a collateral attack on the decrees and judgment of the court. The pleadings directly attack the title held or purportedly held by York by alleging fraud. Johnston v. Stephens, 121 Tex. 374, 49 S.W.2d 431 (1932); McCampbell v. Durst, 73 Tex. 410, 11 S.W. 380 (1889).
The court in Chapman v. Guaranty State Bank, 267 S.W. 690 (Tex.Com.App.1924, jdgmt. adopted) said:
"We recognize the settled rule that in some instances deeds and other instruments evidencing the execution of a judicial sale may be set aside or annulled for fraud without an attack upon the judgment and decrees of the court. This is usually true where the fraud arises in connection with and has relation to the act of making the sale and in carrying out the orders of the court . . ."
The court correctly held the sale of March 4, 1969, to be void.

FERRIS' ARGUMENTS
Security argues by cross-point the trial court erred in not holding as a matter of law Ferris was barred by the doctrine of res judicata by the final judgment of August 17, 1965, from any further action against it and estopped by that judgment from any further action against Schwartz. We agree.
The order of severance of August 17, 1965, severed and rendered final Security's cause of action against Ferris, Ammons, Stover and Loper and confirmed its previous summary judgment granted on November 25, 1964. This court in considering the effect of such action held in Craig v. Rio Grande Electric Cooperative, 346 S.W.2d 438 (Tex.Civ.App.Eastland 1961, writ ref. n. r. e.):
"... The effect of the severance was to make the summary judgment in favor of the electric company final and appealable. Sears v. Mund Boilers, Inc., Tex.Civ.App., 328 S.W.2d 199 (Writ Ref.)..."
There was no compliance with the prescribed procedures necessary to perfect an appeal after the entrance of the August 17, 1965 order. No appeal was perfected until the judgment of March 17, 1970 was entered. As has been stated many times in this state, compliance with the procedural rules necessary to perfect an appeal are mandatory and jurisdictional and compliance cannot be waived. The judgment disposed of the parties and subject matter then before the court. As stated in Snell v. Knowles, 87 S.W.2d 871 (Tex.Civ.App. Texarkana 1935, writ dism'd):
"... The test of finality of a judgment is not controlled by its correctness, but by its character in completeness of disposition of the parties and subject-matter before the court. 3 T.J. 113, § 55."
There being no appeal perfected as to the November 25, 1964 judgment following the August 17, 1965 severance it became final after the expiration of thirty days from its rendition. Rule 329b(5), T.R.C.P.
Ferris did not appeal the judgment of August 17, 1965, nor did Ferris prosecute an appeal in 1972 when the Court of Civil Appeals reversed and remanded. Ferris came back into the lawsuit by filing defendant's original answer and cross action on June 6, 1973. All matters asserted by Ferris in these pleadings could have been asserted prior to the August 17, 1965 judgment.
The court in Davis v. Biggs, 182 S.W.2d 1017 (Tex.Civ.App.Austin 1944, writ ref.), stated the applicable rule in such circumstances to be:
"... we think, the rule originally laid down in Foster v. Wells, 4 Tex. 101, *215 104, reannounced in Nichols v. Dibrell, 61 Tex. 539, 541, Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 47 Am.St.Rep. 79, Moore v. Snowball [98 Tex. 16, 81 S.W. 5], supra, and thereafter frequently reiterated, applies in the instant case. That is, that a judgment `is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided.'"
See also Barnett v. Maida, 523 S.W.2d 325 (Tex.Civ.App.Beaumont 1975, writ ref. n. r. e.).
The rule bars Ferris from any further action against Security.
Schwartz as a successor in title of Security, even though not a party to the original litigation, is entitled to rely upon the final judgment of August 17, 1965, to bar any action asserted by Ferris against him.
As stated by the court in Kirby Lumber Corporation v. Southern Lumber Company, 145 Tex. 151, 196 S.W.2d 387 (Tex.1946):
"It appears to be a recognized principle of law that where, in a former suit, an essential issue of fact has been determined and adjudicated, the judgment therein will estop the parties from relitigating the same issue in a subsequent suit between the same parties, even though the subsequent suit is upon a different cause of action. Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526; Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039; Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330. It is also true that the protection of such a decision as well as its restrictions extend not only to the immediate parties to the suit but also to those who stand in privity with them. `Privity, in this connection, means the mutual or successive relationship to the same rights of property; that is to say, all persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action, and which accrued subsequent to the commencement of the action.' Cain v. Balcom, 130 Tex. 497, 109 S.W.2d 1044, 1046; 34 C.J. 973, sec. 1391."
See also Benson v. Wanda Petroleum Company, 468 S.W.2d 361 (Tex.1971).
Ferris now urges the trial court erred in ruling as a matter of law that their pleadings filed on April 9, 1968, did not toll the statute of limitations as to their cause of action against Security, Schwartz, and Davis for title or possession of the property. We disagree.
On February 2, 1968, York filed a cross action and on April 9, 1968, Ferris filed their "plea of adoption," adopting the pleadings of York's cross action. These pleadings were amended by Ferris on June 6, 1973.
There can be no doubt pleadings may be adopted in an appropriate situation. However, in this case, the judgment had on August 17, 1965, became final as between Ferris and the other interested parties. Also, Ferris neither requested service nor was service issued nor were copies of the "plea of adoption" furnished the other parties.
The court in Patrick v. Callan, 353 S.W.2d 40 (Tex.Civ.App.Waco 1961, no writ) said:
"In order to toll the statute of limitation by the filing of a suit there must be not only a bona fide intention that process be issued and served, but diligence as well. Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859, 872; Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628, 631, syl. 4; City of Gainesville v. Harder, 139 Tex. 155, 162 S.W.2d 93, 95; First State Bank & Trust Co. of Rio Grande City v. Ramirez, 133 Tex. 178, 126 S.W.2d 16."
See also Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628 (1958).
Security and Schwartz urged affirmative relief under several statutes of limitations including Article 5509, T.R.C.S., which reads in part:
"Every suit to recover real estate as against a person having peaceable and adverse possession thereof, cultivating, using or enjoying the same, and paying *216 taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted within five years next after cause of action shall have accrued, and not afterward."
The jury found Diamond followed by Schwartz and Davis claimed the property under recorded deeds, paid taxes, and held continuous, adverse possession. It should be noted any action by Ferris was barred by the finality of judgment in 1965 and the failure to take an appeal from that judgment. He may not now complain that he should have been permitted to present evidence on the question of mortgagee in possession and to get an accounting for the possessory period of 1964 through 1975. Additionally, insofar as Schwartz's defense of limitation is concerned, Ferris made no assertion against Schwartz until the cross action filed on June 6, 1973, and at no time made any assertion against Diamond. Security's deed to Diamond was dated March 5, 1965, and filed of record March 8, 1965. Diamond's deed to Schwartz was dated October 1, 1968, filed of record November 6, 1968. Schwartz's continuity of possession since October 1, 1968, when "tacked" to the possession of Diamond as provided by Article 5516, T.R.C.S., shows a period in excess of eight years.
Article 5516 states:
"Peaceable and adverse possession need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them."
The jury's findings as to possession together with the deed from Diamond to Schwartz establishes the privity of estate necessary to invoke the tacking provisions of Article 5516, supra. Hutto v. Cook, 139 Tex. 571, 164 S.W.2d 513 (Tex.1942). Schwartz sustained his limitation claim under Article 5509, supra, as to Ferris.
We have carefully considered all other points of error presented by either York or Ferris not specifically disposed of in this opinion and they are overruled.
We find the judgment of the trial court erroneous in the following respects:
(1) in decreeing the liens of Security and York are coordinate of equal dignity and as valid and subsisting first liens on the property;
(2) Security does not have a vendor's lien against the property; and
(3) an order of sale issue to the sheriff or constable directing him to sell property and apply proceeds first to cost of receiver and then against judgment of Security and York.
We reverse those portions of the judgment and render judgment to the effect that:
(1) Security has a prior valid first lien on the property;
(2) Security has a vendor's lien against the property;
(3) an order of sale issue to the sheriff or constable directing him to sell property and apply proceeds first to the receiver, second to the judgment of Security, and third to the judgment of York.
In all other respects, the judgment is affirmed.