

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00124-CV

EMPIRE EQUIPMENT
INTERNATIONAL AND ROBERT
RUSSELL

APPELLANTS
AND APPELLEES

V.

PIPELINE MACHINERY
INTERNATIONAL, L.P.

APPELLEE
AND APPELLANT

----------

### FROM 141ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

Appellants Empire Equipment International, Inc. and Robert Russell[2] (collectively, Empire) appeal from the trial court's take nothing judgment in favor of Appellee Pipeline Machinery International, L.P. (Pipeline).  Empire contends in

---

[1]*See* Tex. R. App. P. 47.4.

[2]Russell is the sole shareholder of Empire.

five issues that the trial court erred by refusing to set aside the execution, levy, bill of sale, and sale of its property; by striking its second amended petition in intervention for a declaratory judgment that the execution and sale were void; by denying leave to join two subsequent purchasers as parties; and by granting two summary judgments for Pipeline. By cross-appeal, Pipeline contends that this court lacks jurisdiction over Empire's appeal because Empire did not timely file its notice of appeal. We affirm.

## II. Background

Alan Bell loaned approximately $1.2 million to Russell and Empire for the purchase of heavy equipment used in the pipeline industry (the Equipment). In September 2005, Bell was unable to locate Russell, who was hospitalized for treatment of a severe bipolar condition. Bell sued Russell contending Russell failed to repay the loan and seeking recovery of actual and punitive damages and attorneys' fees and a prejudgment writ of attachment on the Equipment. Bell thereafter sought service on Russell by publication. The trial court authorized service by publication and entered an "Order for Issuance of Writ of Attachment."[3]

Russell did not answer the lawsuit, and the trial court signed an interlocutory default judgment in December 2005. Bell subsequently filed an

---

[3]See Tex. Civ. Prac. & Rem. Code Ann. §§ 61.001–.002 (Vernon 2008); .0021 (Vernon Supp. 2010); .003–.021 (Vernon 2008); .022 (Vernon Supp. 2010); .023–.063 (Vernon 2008). The order for writ of attachment also required the placement of GPS tracking devices on the Equipment.

amended petition, and the trial court signed a second interlocutory default judgment on January 27, 2006. The January 27, 2006 judgment awarded Bell actual damages of $1,155,000 and stated that the amount of punitive damages would "be determined in future proceedings." It also foreclosed Bell's attachment lien against the Equipment, ordered that the Equipment be delivered to Bell, and stated that an order of sale pursuant to rule of civil procedure 309 would issue upon request by Bell.[4] The Equipment was sold at a public auction on March 15, 2006, and Pipeline placed the highest bid—$1,230,000.

Seven days after the sale to Pipeline, Russell appeared in the lawsuit and filed a motion for reconsideration and to set aside the interlocutory default judgments, contending that he had not been properly served.[5] In May 2006, after being informed that Bell and Russell had agreed that the trial court should set aside the interlocutory judgments, the trial court entered an order setting aside the default judgments and declaring them "void ab initio, and of no force and

---

[4]*See* Tex. R. Civ. P. 309 (providing that judgments foreclosing liens "shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and, . . . that an order of sale shall issue to any sherriff or any constable . . . directing him to seize and sell the same as under execution").

[5]In a subsequent hearing, Russell testified that he had received a copy of the original petition by early December 2005 and that he hired his attorney "immediately." Russell's attorney testified that he also knew about the lawsuit, that he called the clerk's office periodically to check for a return of service, but that he "dropped the ball" and did not file an answer to the lawsuit.

effect at any time." The trial court also ordered that the proceeds from the sale to Pipeline be deposited into the registry of the court.

In July 2006, Empire filed a petition in intervention and a third-party petition against Pipeline. In the third-party petition, Empire contended, among other things, that the sale to Pipeline was void because there was no final judgment to support it, that the Equipment belonged to Empire, and that Pipeline should return the Equipment to Empire and pay damages for Empire's "loss of the reasonable rental value of the [E]quipment." Pipeline answered the third-party petition in August 2006 and later asserted counter-claims against Empire for, among other things, a declaratory judgment that the sale to Pipeline was valid and that Pipeline acquired good title to the Equipment. By April 2007, Pipeline had sold or leased all of the Equipment to Challenger Services and Gregory & Cook, Inc. (collectively, the Subsequent Purchasers).

Empire and Russell eventually settled with Bell, and the trial court entered an order releasing the funds in the registry of the court to Bell's attorney. Both before and after Pipeline answered the third-party petition, Empire filed several motions and pleadings seeking the return of the Equipment and to set aside the sale to Pipeline. Empire's filings included: (1) a motion for immediate return of the Equipment under civil practice and remedies code section 34.021;[6] (2) an

---

[6]See Tex. Civ. Prac. & Rem. Code Ann. § 34.021 (Vernon 2008) ("A person is entitled to recover his property that has been seized through execution of a writ issued by a court if the judgment on which execution is issued is

4

application for injunctive relief; (3) a motion for leave to add the Subsequent Purchasers as third-party defendants; (4) a third-party petition against the Subsequent Purchasers; (5) a second amended petition for declaratory relief against Pipeline; (6) a motion to have the sale to Pipeline invalidated as void ab initio; and (7) a supplemental petition against Pipeline seeking equitable relief. The trial court denied each of Empire's motions, struck Empire's pleading against the Subsequent Purchasers, struck Empire's pleading for declaratory relief against Pipeline, and entered summary judgment for Pipeline on all of Empire's causes of action. The trial court also sanctioned Empire because Empire filed the third-party petition against the Subsequent Purchasers after the trial court had denied Empire leave to file it. After granting the second summary judgment for Pipeline, the trial court severed Empire's claims against Pipeline, and this appeal followed.

### III. Jurisdiction Over Empire's Appeal

We address Pipeline's cross appeal first because it concerns our jurisdiction over Empire's appeal. At the February 12, 2009 hearing on Pipeline's second motion for summary judgment, the trial court granted summary judgment against Empire and stated, "I will sever the claims that exist and have been asserted between Pipeline and [Empire] into a new cause of action." The trial court also stated that "[o]nce the severance order is signed[,] this case will be

reversed or set aside *and the property has not been sold at execution*." (emphasis added)).

5

final."[7]  The trial court then signed the severance order on February 13, 2009. However, although Empire was present at the February 12, 2009 hearing and agreed to sever its claims against Pipeline, Empire did not receive notice from the trial court clerk or acquire actual knowledge that the February 13, 2009 severance order had been signed until March 23, 2009.[8]

By its cross-issue, Pipeline argues that we do not have jurisdiction over Empire's appeal because Empire had actual knowledge of the trial court's oral rendition of severance at the February 12, 2009 hearing but did not file a notice of appeal within thirty days of the February 13, 2009 severance order.[9]  *See* Tex.

---

[7]The severance order is the final judgment in this case because the summary judgment was interlocutory until Empire's claims against Pipeline were severed from the existing lawsuit.  *See Diversified Fin. Sys, Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001).

[8]We abated this appeal for the trial court to determine the date on which Empire "received notice or acquired actual knowledge that the February 13, 2009 judgment had been signed."  *See* Tex. R. App. P. 4.2(c); Tex. R. Civ. P. 306a(5). The trial court had previously conducted a hearing pursuant to rule 306a(5) on Empire's motion to determine the date on which appellate deadlines began, but the trial court did not make a finding as to the date Empire acquired actual knowledge of the signing.  After we abated the appeal, the trial court made a finding of fact that "the date on which [Empire] received notice or acquired actual knowledge that the February 13, 2009 Judgment had been signed was March 23, 2009."

[9]Pipeline's issue on cross appeal is that the trial court erred by failing to make findings of fact that (1) the trial court rendered final judgment on February 12, 2009, when it orally severed Empire's claims into a new cause number; (2) Empire had actual knowledge of the trial court's February 12, 2009 oral order of severance; (3) Empire agreed to the severance in open court at the February 12, 2009 hearing; and (4) the trial court signed a written order granting the severance on February 13, 2009.  Building on its contention that the trial court should have made these findings, Pipeline argues that Empire should have filed its notice of

6

R. App. P. 26.1(a) (providing that "a notice of appeal must be filed within 30 days after the judgment is signed" unless the party timely files a request for findings of fact and conclusions of law or a plenary power extending motion). Empire responds that it did not receive notice or acquire actual knowledge that the severance order had been signed until March 23, 2009, and that it timely filed its notice of appeal within thirty days of acquiring that knowledge. *See* Tex. R. Civ. P. 306a(4)–(5) (providing that if a party does not receive notice from the trial court clerk that an order has been signed within twenty days of the signing, the applicable deadlines run from the date the party receives notice or actual knowledge of the signing of the order); Tex. R. App. P. 4.2(a)(1) (same).

Pipeline is correct in its contention that a judgment is rendered at the time the trial court announces its decision in open court. *See Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982). However, Pipeline's cross appeal is based entirely on the incorrect premise that appellate timetables run from the date that judgment is rendered rather than the date that the judgment is signed.[10] For purposes of appellate timetables, such as the appellate timetable involved here for filing a notice of appeal, the critical date is the date on which the

appeal within thirty days of the February 13, 2009 severance order because Empire had actual knowledge of the trial court's oral rendition of severance at the February 12, 2009 hearing.

[10]The case on which Pipeline bases its cross-issue says as much. *See Tex. Life Ins. Co. v. Tex. Bldg. Co.*, 307 S.W.2d 149, 154 (Tex. Civ. App.—Fort Worth 1957, no writ). For purposes of deadlines *other than the timetables for appeal*, the controlling date is the date that judgment is rendered. *See id.*

7

judgment or appealable order is signed. *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (providing that "appellate timetable runs from the signing date of whatever order that makes a judgment final and appealable," such as an order of severance); *see* Tex. R. App. P. 26.1(a) (providing that "a notice of appeal must be filed within 30 days after the judgment is *signed*" (emphasis added)); *see also Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 379 (Tex. App.— Fort Worth 2004, pet. denied) (citing Tex. R. Civ. P. 306a(4), and stating that "[t]he party adversely affected by the ruling of the trial court must prove in the trial court, on sworn motion and notice, the date he or his attorney *first received notice or acquired actual knowledge of the signing*" (emphasis added)).

Pipeline does not dispute that Empire first received notice or acquired actual knowledge on March 23, 2009, that the severance order had been signed on February 13, 2009; that March 23, 2009, was a date more than twenty but less than ninety-one days after the trial court signed the February 13, 2009 severance order; or that Empire filed its notice of appeal within thirty days of March 23, 2009. *See* Tex. R. Civ. P. 306a(4), (5); Tex. R. App. P. 4.2(a)(1). Thus, even if the trial court had made each of the findings of fact that Pipeline contends it should have made, the findings would be immaterial to our jurisdictional analysis because Empire first received notice or acquired actual knowledge of the signing more than twenty but less than ninety-one days after the severance order was signed, and Empire filed its notice of appeal within thirty days of receiving notice of the signing. *See* Tex. R. Civ. P. 306a(4), (5); Tex. R.

8

App. P. 4.2(a)(1), 26.1(a).  We hold that Empire timely filed its notice of appeal and that we have jurisdiction over Empire's appeal.  *See* Tex. R. Civ. P. 306a(4), (5); Tex. R. App. P. 4.2(a)(1), 26.1(a).  We therefore overrule Pipeline's sole cross-issue.

## IV.  Empire's Appeal

### A.  Empire Has Exclusive Remedy Against Judgment Creditor

Empire contends in its first and fourth issues that the trial court erred by granting summary judgment to Pipeline and by refusing to set aside the sale and order the Equipment returned to Empire.  Empire asserts in its third issue that the trial court erred by denying it leave to join the Subsequent Purchasers as third-party defendants.

Empire argues that because the January 26, 2007 default judgment was interlocutory, the execution, order of sale, sale, and any titles passing as a result of the sale are void.  Therefore, according to Empire, it may seek the return of the Equipment from Pipeline or the Subsequent Purchasers.  Pipeline responds that civil practice and remedies code section 34.022—which permits a judgment debtor such as Empire to recover the market value of seized property from a judgment creditor such as Bell if the judgment upon which an execution sale is based is later set aside or reversed—sets forth Empire's exclusive remedy.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.022 (Vernon 2008).  Thus, according to Pipeline, even though the January 26, 2007 default judgment was set aside,

9

section 34.022 bars Empire from asserting claims against Pipeline or any entity that purchased or leased the Equipment from Pipeline.

### 1. Execution on Interlocutory Judgment

"[A]n interlocutory judgment may not be enforced through execution." *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005) (citing Tex. R. Civ. P. 622; *Nalle v. Harrell*, 118 Tex. 149, 12 S.W.2d 550, 551 (1929)). The January 26, 2007 judgment in this case was interlocutory because it reserved a determination of punitive damages for a later time. *See id.* at 828, 830–31. And because the January 26, 2007 judgment was interlocutory, the trial court abused its discretion by authorizing execution on that judgment. *Id.* at 831; *see also In re Discount Rental, Inc.*, 216 S.W.3d 831, 832 (Tex. 2007) (holding that default judgment and subsequent execution were void when default judgment was obtained without proper service on the plaintiff). Our inquiry does not end here, however, because we must still determine whether Empire can seek recovery of the Equipment from Pipeline (or an entity to which Pipeline sold or leased the Equipment) or whether Empire is limited to the recovery from Bell of the market value of the Equipment at the time of the sale.[11]

### 2. Civil Practice & Remedies Code Sections 34.021 and 34.022

Civil practice and remedies code section 34.021 states: "A person is entitled to recover his property that has been seized through execution of a writ issued by a

---

[11]Empire has already pursued a claim against Bell for the market value of the Equipment and reached a settlement with him.

court if the judgment on which execution is issued is reversed or set aside *and the property has not been sold at execution*." Tex. Civ. Prac. & Rem. Code Ann. § 34.021 (emphasis added). In addition, civil practice and remedies code section 34.022 provides:

> (a) A person is entitled to recover from the judgment creditor the market value of the person's property that has been seized through execution of a writ issued by a court if the judgment on which execution is issued is reversed or set aside *but the property has been sold at execution*.

> (b) The amount of recovery is determined by the market value at the time of sale of the property sold.

*Id.* § 34.022 (emphasis added). Relying on section 34.022, Pipeline argues that because the Equipment was sold at execution before the January 26, 2007 judgment was set aside, Empire has an exclusive remedy against Bell—the judgment creditor—and that Empire is precluded from recovering the Equipment from Pipeline or the Subsequent Purchasers.

The meaning of a statute is a legal question, which we review de novo. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *F.F.P. Operating Partners., L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). We begin by examining the exact wording and apply the tenet that the legislature chooses its words carefully and means what it says. *See In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981); *Benish v. Grottie*, 281 S.W.3d 184, 192–93 (Tex. App.—Fort Worth 2009, pet. denied).

11

Applying these rules of statutory construction to section 34.022, we note that Empire's claims against Pipeline are common law claims for trespass to chattels[12] and conversion, that Pipeline is not the judgment creditor, and that Empire pursued and settled its claims against Bell—the judgment creditor. Had the Equipment not been sold when the trial court set aside the default judgments, Empire could have, pursuant to section 34.021, sought the return of the Equipment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.021; *see also In re Discount Rental*, 216 S.W.3d at 832 (ordering return of property held by constable). Indeed, section 34.021 does not on its face prohibit a judgment debtor from seeking the return of its property so long as the property has not been sold. *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.021. But Empire's property was sold, and section 34.022 therefore applies. *See id.* § 34.022(a). And unlike section 34.021, section 34.022 limits Empire's claim to one against the judgment creditor. *See id.* Therefore, because the Equipment had been sold before the trial court set aside the default judgments, we hold that Empire's exclusive remedy was against Bell—the judgment creditor. *See id.*; *Waffle House v. Williams*, 313 S.W.3d 796, 802–04, 809 (Tex. 2010) (holding common law claim abrogated by impliedly exclusive statutory scheme). We hold that the trial court did not abuse its discretion by refusing to set aside the execution sale to Pipeline or by denying leave for Empire to join the Subsequent Purchasers as third-party

---

[12]Empire's pleading actually alleges an "action sounding in replevin," but Empire's responses to Pipeline's special exceptions and motion for summary judgment clarified that its "action sounding in replevin" is a cause of action for trespass to chattels.

12

defendants.[13]  We further hold that the trial court properly granted Pipeline's first motion for summary judgment.  We overrule Empire's first, third, and fourth issues.

## B. Empire's Pleading for Declaratory Relief Against Pipeline

Empire contends in its second issue that the trial court erred by striking its pleading for declaratory relief against Pipeline in which Empire sought a declaration that the execution, levy, sale, and bill of sale were void.  Empire argues that the trial court's order was a "partial death penalty" and that the striking of the pleading was not a just sanction against Empire.

At the time that Empire filed its pleading for declaratory relief against Pipeline, Empire had pending claims against Pipeline for trespass to chattels, conversion, and wrongful execution, levy, and seizure—all of which sought the return of the Equipment based on the alleged invalidity of the sale.  In addition, Pipeline had a pending counterclaim for declaratory relief that Empire's "remedies, if any, are limited to recovery of damages from parties other than [Pipeline]."  In its brief in this

---

[13]Empire relies on *Burlington Coat Factory* to support its contention that the trial court should have ordered the return of its Equipment.  But *Burlington Coat Factory* was a mandamus proceeding, a sale had not yet occurred, and the trial court had already set aside the default judgment before refusing to set aside the order of sale.  *See*, 167 S.W.3d at 831.  None of those facts are present here.  Moreover, Empire's reliance on *Ferris v. Security Savings & Loan Association*, 545 S.W.2d 208, 213 (Tex. Civ. App.—Eastland 1976, no writ), and *York Division, Borg-Warner Corp. v. Security Savings & Loan Association*, 485 S.W.2d 327, 330–31 (Tex. Civ. App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.), is unconvincing because those cases were decided before the enactment of civil practice and remedies code section 34.022.  *See* Act of June 16, 1981, 67th Leg., R.S., ch. 714 § 3(a), 1981 Tex. Gen. Laws (1981) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 34.021-.022).

court, Empire asserts that it filed its pleading for declaratory relief against Pipeline because it "sought to meet [Pipeline's] counter-claim with [its] pleading for a declaratory judgment that the constable's sale was void." However, "[t]he Declaratory Judgments Act is 'not available to settle disputes already pending before a court.'" *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (quoting *Heritage Life v. Heritage Grp. Holding*, 751 S.W.2d 229, 235 (Tex. App.—Dallas 1988, writ denied)). Thus, because the issue of the validity of Pipeline's title to the Equipment was already pending before the court at the time Empire filed its pleading for declaratory relief against Pipeline, the trial court could have validly stricken Empire's pleading for declaratory relief on this ground. *See Sanchez v. AmeriCredit Fin. Servs., Inc.*, 308 S.W.3d 521, 524 (Tex. App.— Dallas 2010, no pet.) ("A counterclaim for declaratory judgment is improper if it is nothing more than a mere denial of the plaintiff's claims and the counterclaim fails to have greater ramifications than the original suit."). And because we are bound to uphold the trial court's ruling if it reached the correct result, we hold that the trial court did not abuse its discretion by striking Empire's pleading for declaratory relief against Pipeline. *See Markel Ins. Co. v. Muzyka*, 293 S.W.3d 380, 385 (Tex. App.—Fort Worth 2009, no pet.) ("[R]egardless of the reasoning employed by the trial court . . . , if the trial court reached the correct result, we will affirm its ruling.").[14] We overrule Empire's second issue.

---

[14]The trial court's order striking Empire's pleading for declaratory relief against Pipeline does not give the reason for the trial court's ruling. Empire

14

## C. Pipeline's Second Motion for Summary Judgment

In its fifth issue, Empire argues that the trial court erred by granting Pipeline's second motion for summary judgment. After the trial court granted Pipeline's first motion for summary judgment, Empire filed a supplemental pleading in which it alleged that the sale to Pipeline should be set aside in equity because irregularities in the sale led to the Equipment being sold for a grossly inadequate price. Pipeline then filed its second motion for summary judgment and requested summary judgment on three grounds: (1) res judicata based on the trial court's prior interlocutory rulings; (2) mootness because Pipeline no longer possessed the Equipment; and (3) no evidence of alleged irregularities in the execution sale that led to a grossly inadequate price. Empire responded to Pipeline's second motion for summary judgment and presented argument and evidence that its equitable claim differed from the claims on which the trial court had previously ruled or granted summary judgment and that irregularities in the execution sale caused a grossly inadequate price. However, Empire presented no argument or evidence concerning the mootness ground raised in Pipeline's second motion for summary judgment. Empire also does not brief this court as to why its claim for equitable relief against Pipeline is not moot.

---

argues on appeal that the striking of its pleading was an inappropriate sanction, and Pipeline responds that the sanction was appropriate because Empire's pleading was groundless and brought in bad faith. We express no opinion on the validity of the trial court's ruling on those grounds and simply hold that the trial court had a different basis for which it could have validly stricken Empire's pleading for declaratory relief against Pipeline. *See Markel*, 293 S.W.3d at 385.

15

When the trial court's judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied). One of the grounds asserted by Pipeline in its second motion for summary judgment was mootness, but Empire did not respond to this ground in the trial court and does not challenge this ground on appeal. Therefore, we must affirm the summary judgment. *See id.*; s*ee also Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998); *Torres v. Johnson*, 91 S.W.3d 905, 908 n.3 (Tex. App.—Fort Worth 2002, no pet.) (affirming summary judgment on unchallenged ground); *King v. Tex. Employers' Ins. Ass'n*, 716 S.W.2d 181, 182–83 (Tex. App.—Fort Worth 1986, no writ) (affirming summary judgment "because summary judgment may have been granted, properly or improperly," on the ground set out in the motion, and the appellant did not challenge that ground). We overrule Empire's fifth issue.

## V. Conclusion

Having overruled Pipeline's sole cross-issue and each of Empire's issues, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: March 3, 2011

16